STATE OF NORTH CAROLINA v. TONY DERICO RICHMOND

No. 749SC755

(Filed 20 November 1974)

1. **Criminal Law § 66— pretrial photographic identification — admissibility of in-court identification**

    The trial court properly determined that a witness's in-court identification of defendant was based on observation at the crime scene where evidence tended to show that the witness observed defendant from a distance of twenty feet, then approached him and finally grabbed him by the wrist, that the witness described defendant to officers, and that the witness picked defendant's photograph from a line-up of ten promptly and without difficulty.

2. **Criminal Law § 66— photographic identification — limitation of cross-examination proper**

    The trial court did not err in refusing to permit cross-examination of a witness concerning the appearance of skin color of individuals portrayed in the black and white photographs used in a pretrial identification procedure.

3. **Criminal Law § 113— instruction on alibi evidence — request required**

    The trial court did not err in failing to give specific instructions to the jury upon the legal effect of alibi evidence where defendant made no request for such instructions.

APPEAL by defendant from *Bailey, Judge,* 11 March 1974 Session of Superior Court held in PERSON County.

Heard in Court of Appeals 15 October 1974.

Defendant was indicted on charges of felonious breaking and entering and felonious larceny on 29 August 1973 at Bob's Barbeque in Roxboro. He pleaded not guilty to both charges and was tried before a jury.

Walter Woody, proprietor of Bob's Barbeque, testified for the State that on the night of 29 August 1973 he remained at his restaurant after closing and fell asleep in his office while working on his books. He was awakened about 4:20 a.m. by the ringing of a cash register bell. He went into the dining area and saw a man standing about twenty feet from him at a register. After watching about a minute, he approached the counter and saw the man with his hands full of money. When the man saw Woody he gave Woody the money and attempted to pass when Woody grabbed him by the wrist. He jerked free and fled through the front door which had been broken open and joined a second man outside the building.

Before Woody identified defendant as the person who confronted him in his restaurant, the court held a *voir dire* hearing to determine if the identification testimony was admissible. Both Woody and police officer Melvin Ashley testified that Woody picked the photograph of defendant from several black and white photographs presented to him at the police station. Both witnesses testified that no one suggested which photograph to select. The photographs which were used in the identification procedure were introduced in evidence. All of them portrayed young black males, and none was strikingly different from the others. Woody testified that he recognized defendant's photograph "virtually as soon as I saw it."

Defendant submitted testimony of his mother, brother, and employer which tended to show an alibi, that defendant was home in bed at the time the crime was committed.

The jury found defendant guilty of felonious breaking and entering and not guilty of larceny. From judgment imposing a prison term, he has appealed to this Court.

*Attorney General James H. Carson, Jr., by Associate Attorney Robert P. Gruber, for the State.*

*Ramsey, Jackson, Hubbard and Galloway, by Mark Galloway, for defendant appellant.*

BALEY, Judge.

Defendant contends that the court erred in admitting the identification testimony of the State's witness, Walter Woody.

"When the admissibility of in-court identification testimony is challenged on the ground it is tainted by out-of-court identification(s) made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proffered testimony meets the tests of admissibility. When the facts so found are supported by competent evidence, they are conclusive on appellate courts." *State v. Tuggle,* 284 N.C. 515, 520, 201 S.E. 2d 884, 887; *State v. McVay,* 277 N.C. 410, 417, 177 S.E. 2d 874, 878; *accord, State v. Taylor,* 280 N.C. 273, 185 S.E. 2d 677; *State v. Smith,* 278 N.C. 476, 180 S.E. 2d 7; 1 Stansbury, N. C. Evidence (Brandis rev.), § 57, pp. 176-77.

[1] There is ample evidence to support the finding of the trial court that the identification of defendant by Woody was based

upon his face-to-face encounter in the restaurant and not upon any impermissible identification procedure. Woody testified that he observed defendant from a distance of twenty feet, then approached him, and finally grabbed him by the wrist. When reporting the incident to police authorities, he described defendant as being 5'9" tall, weighing 180 pounds, with dark brown skin. When presented with a lineup of ten photographs, he picked defendant promptly and without difficulty. The court properly admitted the evidence of Walter Woody which identified defendant.

[2] Defendant also assigns as error in connection with his identification by Woody the refusal of the court to permit cross-examination of Woody concerning the appearance of the skin color of individuals portrayed in the photographs used in the identification procedure. While a cross examiner has wide latitude in his examination, the court does have discretion to limit argumentative questioning—particularly about matters of which the witness can have only a speculative opinion. 1 Stansbury, N. C. Evidence (Brandis rev.), § 35, p. 108. Here Woody knew none of the persons whose pictures were presented to him. The exclusion of his evaluation of the shades of color demonstrated in the black and white photographs was not error.

[3] Defendant assigns as error the failure of the trial court to give specific instructions to the jury upon the legal effect of alibi evidence. He made no request for such instructions. Since *State v. Hunt,* 283 N.C. 617, 197 S.E. 2d 513, a defendant has not been entitled to alibi instructions absent a request. Defendant recognizes the *Hunt* rule but urges its abandonment. The weight of authority supports the holding of our Supreme Court in *Hunt,* and we adhere to that decision.

Other assignments of error which relate to the admission or exclusion of evidence and remarks of the trial judge have been carefully considered and are deemed to be without merit or harmless in effect.

Defendant has been accorded a fair hearing and must abide by the jury verdict.

No error.

Judges MORRIS and HEDRICK concur.