STATE OF NORTH CAROLINA v. HAROLD GENE TRIVETTE AND WILLIAM HAROLD ELDRETH

No. 7424SC1076

(Filed 2 April 1975)

1. **Criminal Law §§ 73, 89— statement made to officer — similar testimony elicited from speaker on cross-examination — no hearsay**

    The trial court did not err in allowing into evidence a statement made to an officer by one who participated in the larceny in question where defendant had elicited such testimony from the participant himself on cross-examination prior to testimony by the officer.

2. **Criminal Law § 128— newspaper article alleging other crimes by defendant — jury not influenced**

    The trial court did not err in denying defendants' motion for a mistrial on the basis of a newspaper article describing other offenses allegedly committed by defendants where the court inquired of the jurors whether they had read the article, one juror read the headline but intentionally did not read the article, another juror did read the article but both assured the judge that they felt that they could completely disregard what they had read in the paper and reach a verdict solely on the evidence.

APPEAL by defendants from *Thornburg, Judge.* Judgments entered 5 April 1974 in Superior Court, WATAUGA County. Heard in the Court of Appeals 10 March 1975.

*Attorney General Edmisten by Assistant Attorney General Charles R. Hassell, Jr., for the State.*

*C. Banks Finger for defendant appellant Harold Gene Trivette.*

*Charles E. Clement for defendant appellant William Harold Eldreth.*

PARKER, Judge.

Defendants appeal from convictions for felonious breaking and entering and felonious larceny. They make two assignments of error. First, they assign error to admission of evidence as to an extrajudicial statement made to the officers by one Larry Haga, contending this was inadmissible as hearsay. Second, they assign error to denial of their motion for mistrial. We overrule both assignments of error.

The State's evidence showed the following: On the late afternoon of 11 June 1973 the Tucker residence near Boone was

State v. Trivette

broken into during the owner's absence and personal property was taken therefrom. A neighbor, whose attention was attracted by activity near the residence, investigated and saw two young men putting something into the trunk of a car parked nearby. He reported the tag number of the car to the police. Shortly thereafter the police stopped an automobile bearing the reported tag number and found defendant Eldreth was the driver and his codefendant Trivette was a passenger. Larry Haga and two girls were also passengers in the automobile. Property taken from the Tucker residence was found in the trunk of the car.

Haga, called as a witness for the State, testified that he and the two defendants jointly participated in breaking into the Tucker residence and in taking property therefrom. On cross-examination he admitted that after his arrest he had first told the officers that he alone committed the offenses but that after he went back up to jail and started thinking about it, he decided he didn't want to take it all upon himself. The State then called as a witness one of the deputy sheriffs who had interviewed Haga on the night of the arrest. This witness testified that Haga had at first told the officers that he was going to take the blame upon himself and he would not tell on anybody else, but that he then said he wasn't going to take the entire blame himself and that Trivette had helped him break into the house.

[1] There was no error in admission of the deputy's testimony as to what Haga told him. Haga himself had already testified to the same effect as a result of cross-examination by defendants' counsel, and defendants are hardly in a position to complain that the State corroborated what their counsel had been so diligent to expose. Since Haga himself testified, no question of infringement upon defendants' constitutional right to confront the witnesses against them is here involved and the holding in *Bruton* and in *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492 (1968) has here no application. The case cited and relied on by appellants, *State v. Cannon,* 273 N.C. 215, 159 S.E. 2d 505 (1968), is also not here apposite, since in that case also, unlike in the present case, the person whose extrajudicial statements were admitted in evidence did not take the stand. In the present case the deputy's testimony as to Haga's prior statements substantially corroborated Haga's trial testimony and was competent for that purpose. 1 Stansbury's N. C. Evidence, § 51 (Brandis Rev.). Furthermore, there was no request that it be restricted to that purpose. The only objection made was a general objection

interposed by counsel for defendant Eldreth, who in any event was not implicated by the deputy's recitation of what Haga told the officers. "Where evidence competent for a restricted purpose . . . is admitted generally, an exception thereto will not be sustained in the absence of a request that its admission be restricted." 1 Strong, N. C. Index 2d, Appeal and Error, § 30, p. 164. Appellants' first assignment of error is overruled.

[2] Relative to the second assignment of error, the record reveals the following: The trial began on 4 April 1974 and continued into the next day. On 4 April an article appeared in the local newspaper under the headline, "Two Men are Jailed for Tampering with Witness." The article referred to the two defendants, Trivette and Eldreth, by name and stated that they were to face charges of three counts each of breaking and entering and larceny in connection with break-ins of three homes. It also contained an account of charges brought by a "woman slated to testify in the cases" that the defendants had approached her, stating they wanted to talk; that they had driven to a deserted road where Trivette had raped her and Eldreth had taken $80.00 from her pocketbook, and that defendants threatened that they "ought to kill her and hide her body where she wouldn't be able to testify." The article also reported that Trivette had been charged with the rape and Eldreth with common-law robbery.

When, on the second day of the trial, this article was brought to the attention of the trial judge, he carefully interrogated the jurors as to whether any of them had seen it. Only two jurors responded that they had. One of these stated that she saw the headline but made it a point not to read the paper. The other juror stated that he had read the entire article, stating that he "just picked it [the newspaper] up, reading, and happened to run across it," and read it "like he did the rest of the paper." The judge carefully questioned the two jurors as to whether they felt that they could completely disregard what they had read in the paper and "reach a fair and impartial verdict based solely on the evidence and the law and the contentions of the attorneys." Each of the two jurors answered that he could. Each also told the court that he had not discussed the article in any way with the other jurors. The judge thereupon entered the following order:

"[T]he Court having made inquiry of the entire panel concerning the article appearing in the WATAUGA DEMOCRAT

April 4, 1974, issue and only two jurors having responded that they were in any way knowledgeable about the article, and the Court, after extensive questioning of both jurors— some of the questions having been suggested by the State and some by counsel for the defendant [sic] and others of the Court's own decision—and both jurors having assured the Court that the article would in no way influence or enter into verdict that they might reach in the case; and the Court being of the opinion that the two jurors involved have been absolutely truthful with the Court, and being of the opinion that the defendants would be in no way prejudiced by continuing the trial of this cause, and being of the further opinion that the jurors are qualified to continue service in the case; IT IS THEREFORE ORDERED that the trial continue to its conclusion."

On these findings the court overruled defendants' motion for a mistrial. The court further instructed the jury that in the course of their deliberations no reference at all should be made to what the article contained or what the headline was.

The motion for mistrial was addressed to the sound discretion of the trial judge. *State v. Moye*, 12 N.C. App. 178, 182 S.E. 2d 814 (1971); *State v. Powell*, 11 N.C. App. 465, 181 S.E. 2d 754 (1971), *cert. denied*, 279 N.C. 396, 183 S.E. 2d 243 (1971). The record amply demonstrates that the able trial judge in this case was diligent to see that defendants' right to a fair trial was fully protected, and we find no error in his denial of the motion for mistrial.

No error.

Judges HEDRICK and CLARK concur.