STATE OF NORTH CAROLINA v. MAMIE HUNTER AND
SYLVESTER GRAY

No. 757SC320

(Filed 2 July 1975)

1. **Criminal Law § 66— in-court identification — pretrial photographic and lineup identifications**

Robbery victim's in-court identification of defendants was of independent origin and not tainted by pretrial photographic or lineup identifications of the female defendant or by a pretrial lineup identification of the male defendant.

2. **Criminal Law § 102— question and argument by solicitor**

In an armed robbery case in which defendant testified that he had obtained money by selling marijuana, the trial court did not err in allowing the solicitor to ask defendant where he got the marijuana and to argue to the jury that defendant "was selling grass, preying upon the weakness of his fellow human beings."

APPEAL by defendants from *Small, Judge.* Judgments entered 27 February 1975 in Superior Court, EDGECOMBE County. Heard in the Court of Appeals 17 June 1975.

Defendants were charged in bills of indictment with the armed robbery of C. P. Killebrew on 31 October 1974. They entered pleas of not guilty and were tried before a jury.

Killebrew testified that he was alone in his store about 5:55 p.m. on the day in question. The lights were turned on. He heard the front door close, looked around, and saw a black woman standing inside. Behind her was a black man holding a sawed-off shotgun. The man told Killebrew he wanted his money and meant business. While the man pointed the gun at Killebrew, the woman removed between $430 and $450 from the cash register. Killebrew identified defendants Hunter and Gray as his assailants.

Defendants moved to strike the in-court identification, and the court conducted a *voir dire* hearing. Killebrew testified that on 12 December 1974 he identified defendant Hunter in a police lineup. A few days earlier he had been shown a single photograph of Hunter which he also had identified. About a week later Killebrew identified defendant Gray in a police lineup. The trial court made findings of fact and ruled that the identification testimony was admissible.

Defendant Gray testified that he was at home between 5:00 p.m. and 7:00 p.m. on 31 October 1974. He denied taking part in the robbery and offered the testimony of a witness corroborating his alibi.

The jury found both defendants guilty as charged. From judgments imposing prison sentences, they appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Guy A. Hamlin, for the State.*

*Fountain and Goodwyn, by George A. Goodwyn, for defendant appellants.*

ARNOLD, Judge.

[1] Defendants contend that their in-court identification by the robbery victim was based on impermissible pretrial identification procedures and therefore was erroneously admitted. This contention is without merit.

> "When the admissibility of in-court identification testimony is challenged on the ground it is tainted by out-of-court identification(s) made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proffered testimony meets the tests of admissibility. When the facts so found are supported by competent evidence, they are conclusive on appellate courts. [Citations omitted]."

*State v. Tuggle,* 284 N.C. 515, 520, 201 S.E. 2d 884, 887 (1974); *accord, State v. Shore,* 285 N.C. 328, 204 S.E. 2d 682 (1974); *State v. Richmond,* 23 N.C. App. 683, 209 S.E. 2d 535 (1974).

Before concluding that Killebrew's testimony was admissible, the court conducted a thorough *voir dire* hearing, made detailed findings of fact, and determined that the witness had had ample opportunity to observe each defendant at the time of the robbery and that the in-court identification was of independent origin and not based on any illegal out-of-court identification. These findings are based on competent evidence. The in-court identification was admissible.

[2] Defendants next contend that it was error to allow Gray to answer the solicitor's question, "Where did you get your mari-

juana?" and to allow the solicitor to argue that Gray "was selling grass, preying upon the weakness of his fellow human beings." This contention also is without merit.

Whether the solicitor exceeded the wide latitude afforded counsel in argument before the jury is a question which rests largely in the trial court's discretion. *See State v. Westbrook,* 279 N.C. 18, 181 S.E. 2d 572, *modified* 408 U.S. 939 (1972); 2 Strong, N. C. Index 2d, Criminal Law § 102, pp. 641-45. Defendant Gray testified that he had obtained money by selling marijuana. In response to the solicitor's question, he said he was unable to recall the name of his supplier. The solicitor's characterization of Gray was inferable from Gray's own testimony. The argument was not improper.

Defendants further contend that the court erred in denying their motions for nonsuit. We find no merit in this contention. Viewed in the light most favorable to the State, the testimony of C. P. Killebrew was sufficient to require that the case be submitted to the jury.

Finally, defendants contend that the court's charge contained an inadequate definition of reasonable doubt. This is a feckless contention. The North Carolina Supreme Court approved an almost identical instruction in *State v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146 (1940). *See also State v. Flippin,* 280 N.C. 682, 186 S.E. 2d 917 (1972). We have examined the charge and find it adequate in all respects.

Defendants have received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.