IN THE MATTER OF JAMES BEDDINGFIELD II, A JUVENILE

No. 7928DC326

(Filed 4 September 1979)

1. **Constitutional Law § 50; Infants § 12— Speedy Trial Act—inapplicability to juvenile proceedings**

	The provisions of G.S. 15A-701 et seq., the Speedy Trial Act, are inapplicable to juvenile proceedings.

2. **Evidence § 48— officer expert in identifying marijuana—sufficiency of evidence**

	Evidence was sufficient to support the trial court's finding that a police officer was an expert in the field of identifying marijuana where the evidence tended to show that the officer had handled other cases involving marijuana, had examined marijuana on other occasions and had smelled marijuana smoke on other occasions.

3. **Searches and Seizures § 33— juvenile in parking lot at night—officer's investigation reasonable—marijuana in plain view**

	Marijuana taken from respondent in a juvenile delinquency proceeding was not discovered as a result of an unlawful search and the court did not err in admitting it into evidence, where an officer observed that the twelve year old respondent was left alone by an adult in a car in the parking lot of a convenience store at 10:45 p.m.; the officer's conduct in approaching the automobile to investigate was reasonable; upon approaching respondent the of-

ficer smelled marijuana and observed a plastic bag in respondent's pocket containing vegetable material; the bag was within plain view of the officer; and a search warrant was therefore unnecessary.

APPEAL by respondent from *Styles, Judge.* Judgment entered 13 February 1979 in District Court, BUNCOMBE County. Heard in the Court of Appeals 27 June 1979.

This is an action, pursuant to G.S. 7A-278(2) to have James Beddingfield II, age 12, adjudicated a juvenile delinquent. Respondent was arraigned on 3 October 1978 and was brought to trial on 13 February 1979, 130 days later. At hearing, Lenora Topp, a State Alcohol Law Enforcement Agent testified for the State. Officer Topp testified that about 10:45 p.m., on 15 September 1978 she was on duty and saw the respondent and another person sitting in a Mustang in the parking lot at Mr. Zip in Swannanoa. The person sitting in the driver's seat left the car and entered the store. Officer Topp observed the respondent for five or ten minutes and then she approached the car, identified herself as an Alcohol and Law Enforcement Agent, shone her flashlight on her badge, and said, "Please roll the window down." The respondent rolled down the car window, and as he did so, Officer Topp smelled a strong odor of marijuana. She observed a plastic bag containing green vegetable material protruding from his left front shirt pocket. The respondent covered the pocket with his hand. She took the bag and searched him. Officer Topp testified that she had handled other cases involving marijuana, had examined marijuana on other occasions and had smelled marijuana smoke before. Officer Topp then testified, over objection, that the vegetable material she obtained from the respondent was, in her opinion, marijuana. The bag of vegetable material was not offered in evidence, but Officer Topp testified that the material was sent to the S.B.I. chemist laboratory in Raleigh and had been sealed since its return from the laboratory.

On 13 February 1979, the court entered an order finding that the respondent was delinquent for the possession of marijuana, and also entered a Juvenile Disposition Order placing the respondent on probation for one year.

*Attorney General Edmisten by Associate Attorney Robert L. Hillman for the State.*

*Assistant Public Defender Lawrence C. Stoker for respondent appellant.*

CLARK, Judge.

[1]  Respondent first assigns as error the denial of his motion to dismiss on the grounds that the State violated the Speedy Trial Act, G.S. 15A-701(a1) by bringing the case to trial more than 120 days after arraignment. G.S. 15A-701(a1) provides in relevant part that the trial of the criminal defendant who is arrested and indicted between 1 October 1978 and 1 October 1980, shall begin:

> "(a1)(1) Within 120 days from the date the defendant is arrested, served with criminal process, waives an indictment, or is notified pursuant to G.S. 15A-630 that an indictment has been filed against him, whichever occurs last; . . . "

It is clear that the Speedy Trial Act applies only to criminal prosecutions. In *In re Burrus*, 275 N.C. 517, 529, 169 S.E. 2d 879, 886-887 (1969), *aff'd sub nom. McKeiver v. Pennsylvania*, 403 U.S. 528, 29 L.Ed. 2d 647, 91 S.Ct. 1976 (1971), the court considered the nature of juvenile proceedings and noted that "[w]hatever may be their proper classification, they certainly are not 'criminal prosecutions.' Nor is a finding of delinquency in a juvenile proceeding synonymous with 'conviction of a crime.' " We hold that the statutory requirements of G.S. 15A-701, *et seq.*, are inapplicable to juvenile proceedings, and respondent's motion was properly dismissed. It should be noted that this assignment of error is limited to the alleged violation of the Speedy Trial Act, G.S. 15A-701, since the respondent did not raise an issue as to whether he was entitled to a speedy trial under the Sixth and Fourteenth Amendments of the Constitution.

[2]  Respondent also assigns as error the admission into evidence of Officer Topp's opinion as to the contents of the plastic bag found in respondent's pocket. Respondent contends that the court erred in qualifying Officer Topp as an expert in the field of identifying marijuana.

"The qualification of a witness to testify as an expert in a particular field is a matter addressed initially to the sound discretion of the trial court, and the trial court's finding that the witness is, or is not, qualified to testify as an expert is ordinarily conclusive and will not be reviewed on appeal, unless there be no evidence to support the finding or unless the trial court abused its discretion. . . ." *State v. Jordan*, 14 N.C. App. 453, 456, 188 S.E. 2d 701, 702, *cert. denied*, 281 N.C. 626, 190 S.E. 2d 469 (1972). In the case *sub judice*, Officer Topp testified that she had handled other cases involving marijuana, had examined marijuana on other occasions and had smelled marijuana smoke on other occasions. In *State v. Clark*, 30 N.C. App. 253, 226 S.E. 2d 398 (1976), it was recognized that a police officer's experience may be competent to qualify him as an expert in the field of identifying marijuana. *See*, Annot., 75 A.L.R. 3d 717 § 7 (1977). We find that there was sufficient evidence to support the court's finding that Officer Topp was an expert in the field of identifying marijuana.

[3] Respondent next assigns as error the admission of testimony regarding the substance taken from the respondent. Respondent argues that the substance was discovered as a result of an unlawful search. We do not agree.

Respondent bases his contention that the officer had no authority to apprehend the defendant and subsequently search him on the holding of *Delaware v. Prouse*, 47 U.S.L.W. 4323 (1979). That case, recently decided by the United States Supreme Court, held that motorists cannot be stopped at random by law enforcement officers for inspection of driver's licenses and auto registrations. Respondent's reliance on *Delaware v. Prouse, supra*, is misplaced, however, as the situation in the case *sub judice* revolves around distinctly dissimilar facts. In the case *sub judice*, the pre-arrest conduct of Officer Topp was reasonable and did not violate any rights of the respondent. Though the record on appeal contains little evidence as to what the officer observed prior to approaching the automobile, it is uncontradicted that the young respondent, age 12, was sitting in the vehicle with an adult at a public place which the officer had under surveillance, that the adult got out of the automobile and left respondent alone in the automobile, all of which the officer observed for 5 to 10 minutes. The presence of a 12-year-old child at such a public place and at 10:45 p.m. justified an investigative inquiry by Officer

Topp. The right of a law enforcement officer to make an investigative inquiry, including a limited detention for that purpose, is based on reasonableness. It does not require the probable cause needed to arrest. *See State v. Thompson,* 296 N.C. 703, 252 S.E. 2d 776 (1979); *State v. Bridges,* 35 N.C. App. 81, 239 S.E. 2d 856 (1978); *State v. Williams,* 32 N.C. App. 204, 231 S.E. 2d 282, *appeal dismissed,* 292 N.C. 470, 233 S.E. 2d 924 (1977).

Upon her lawful approach of the juvenile respondent, the officer smelled the odor of marijuana. The officer observed a plastic bag in the respondent's pocket containing vegetable material. The bag was within the plain view of the officer. Therefore, a search warrant was not necessary. *See State v. Rigsbee,* 21 N.C. App. 188, 203 S.E. 2d 660, *aff'd,* 285 N.C. 708, 208 S.E. 2d 656 (1974); 11 Strong's N.C. Index 3d, *Searches and Seizures,* § 33 (1978). This assignment of error is overruled.

Respondent finally contends that the chain of custody of the plastic bag taken from the defendant was not sufficiently established by the State. This assignment is also without merit as the. bag and its contents were never directly introduced into evidence, thereby obviating the necessity for any proof of chain of custody.

No error.

Chief Judge MORRIS and Judge ERWIN concur.