STATE OF NORTH CAROLINA v. ROBERT JONES

No. 8012SC648

(Filed 6 January 1981)

1. Criminal Law § 92.3— similar offenses not joined — waiver of right to joinder
    Defendant waived any right of joinder of offenses involving possession and sale of contraband where defendant failed to move for joinder, and there was no merit to defendant's argument that, since the State made a motion for joinder, it was not necessary for defendant to make the identical motion, since it was defendant's duty to let the court know that he was relying on the State's motion, and defendant failed to do so.

2. Narcotics § 3.1— events prior to crime charged — admissibility of evidence
    In a prosecution of defendant for possession and sale of heroin, the trial court

did not err in admitting evidence that an officer went to defendant's apartment four days before the date of the crimes charged and paid defendant for a tinfoil package of white powder, since such evidence was relevant as a pregnant circumstance tending to show the relationship between defendant and the officer and a pattern of criminal activity.

**3. Criminal Law § 101.2— jurors' reading of newspaper article — defendant not prejudiced**

In a prosecution for possession and sale of heroin where three jurors read a newspaper article which included information of defendant's prior conviction on a charge of selling heroin which was not admissible at trial, defendant was not entitled to a mistrial, since evidence of another prior transaction in which an officer paid defendant $350 for a white powder was properly admitted; the trial judge examined the jurors who had read the newspaper article and justifiably concluded that they had not formed an opinion as a result of reading the article and that they could make a decision based solely on the evidence presented at trial; and defendant did not request the right to examine the jurors.

APPEAL by defendant from *Lee, Judge.* Judgment entered 6 March 1980 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 11 November 1980.

Defendant was convicted of (1) possession of heroin with intent to sell and deliver on 25 September 1978 and (2) on the same date, sale of heroin to O. A. Rousseau, a federal officer. He appeals from the judgment imposing two prison terms of 8 to 10 years to run concurrently upon the completion of terms he is currently serving.

The defendant was originally charged in two separate indictments with possession with intent to sell and deliver heroin and the sale and delivery of heroin. These offenses were alleged to have occurred on 29 August 1978 and 1 September 1978, respectively. Trials on these charges were held 30 January 1979 and 6 March 1979. Both resulted in mistrials.

On 26 March 1979, the defendant was again indicted on charges of possession with intent to sell and deliver heroin, and the sale and delivery of heroin in cases numbered 79CRS13162, 79CRS13161 and 79CRS13164, the present charge. Subsequently, the State dismissed the charges against the defendant in those cases that had resulted in mistrials, and proceeded to trial in cases numbered 79CRS13162 and 79CRS13163 on 23 October 1979. From the verdict of guilty, the defendant appealed his conviction in said two cases, and on such appeal (*State v. Jones,* 47 N.C. App. 554, 268 S.E. 2d 6, filed 15 July 1980), this Court found no error.

At defendant's trial in cases numbered 79CRS13162 and 79CRS13163, the defendant moved the Court to have the charges dismissed against him on the basis that said charges constituted joinable offenses with those charges dismissed by the State following the two mistrials. Defendant's motion was denied at trial, and on appeal, the decision of the trial court was affirmed. *Id.*

Then, while the defendant's conviction was pending appeal in cases numbered 79CRS13162 and 79CRS13163, the State prosecuted the defendant in case numbered 79CRS13164, the present case before this Court.

Prior to the call of the present case for trial, the defendant moved the Court on 14 November 1979, for an Order dismissing the charges against him on the ground that said charges constituted a joinable offense under North Carolina General Statute 15A-926, and should have been tried with the cases against this defendant in 79CRS13162 and 79CRS13163. This motion was denied.

The State's evidence tended to show that Alexander Rousseau, Special Agent for the U. S. Drug Enforcement Administration, on 25 September 1978 purchased heroin in a tinfoil package from the defendant at his apartment for $350.00. Rousseau had first met defendant at the apartment on 21 September 1978 when he bought heroin from defendant.

Defendant offered no evidence.

*Attorney General Edmisten by Special Deputy Attorney General Charles J. Murray for the State.*

*Pope, Reid, Lewis & Deese by Renny W. Deese for the defendant appellant*

CLARK, Judge.

[1]   Defendant assigns as error the denial of his motion to dismiss on the ground that this charge (79CRS13164) relating to acts transpiring on 25 September 1978 was not joined for trial with the charges relating to acts transpiring on 21 September 1978 (79CRS13162 and 79CRS 13163), and resulting in charges of possession with intent to sell heroin, sale of heroin, and conspiracy to sell heroin.

The trial court, after hearing on the motion, found that the three indictments were returned by the grand jury on 26 March 1979; that

on 5 October 1979 the State filed a motion for joinder of the three indictments; that defendant did not oppose the motion for joinder but neither the State nor the defendant requested a hearing on the motion; that on 23 October 1979 the State called for trial cases 79CRS13162 and 79CRS13163, relating to acts of 21 September 1978, and defendant at that time, did not object to the joinder of the two indictments for trial or to the failure to call for trial case 79CRS13164, relating to acts of 25 September 1979. The court concluded that defendant had waived any right of joinder.

We agree with the conclusion of the trial court that defendant waived any right to joinder. G.S. 15A-926(c)(1) provides that defendant's failure to make the motion to join two or more joinable offenses "constitutes a waiver of any right of joinder . . . ." G.S. 15A-926(c)(2) provides in part that a motion to dismiss for failure to join joinable offenses made after trial for one offense must be granted unless "b. The court finds that the right of joinder has been waived . . . ."

Defendant makes the argument that since the State made the motion for joinder it was not necessary for defendant to make the identical motion. The weakness in this argument is that the State and the defendant may have different reasons for joinder or severance. In some cases the joinder of multiple charges may be prejudicial to a defendant, far outweighing the loss of time and money which would result from multiple trials. If defendant wanted to ride piggyback on the State's motion, it was his duty to make his position known to the court. In failing to do so when the two charges relating to acts on 21 September 1978 were called for trial, the defendant waived any right to joinder of the charge which is the subject of this appeal.

It is noted that G.S. 15A-926(c)(2) applies after a trial on another charge and the motion to dismiss is permitted unless the motion for joinder was previously decided against the defendant or unless the defendant has waived his right to object by his earlier failure to request joinder of related offenses. G.S. 15A-926(c) was designed to provide a means by which a defendant may protect himself from multiple trials on charges of related offenses when the charges later brought up for trial were not known to the defendant at the time of the first trial. If the severed charges were pending at the time of the first trial, the defendant waives any right to joinder by failing to move for joinder. We find that defendant in the case *sub judice* waived any right to joinder.

State v. Jones

**[2]** Defendant assigns as error the admission of the evidence that Officer Rousseau on 21 September 1978 (four days before the date of the crime charged in the case before us) went to defendant's apartment and paid him for a tinfoil package of white powder. Defendant makes the argument that since the State offered no evidence that the white powder was heroin, there is "nothing more than an intimation of a crime, and is prejudicial." It may be argued with some merit that any evidence offered by the State not prejudicial to the defendant is irrelevant. The question is admissibility, and the test of admissibility is relevancy. *State v. Williams,* 275 N.C. 77, 165 S.E. 2d 481 (1969); *State v. Richardson*, 36 N.C. App. 373, 243 S.E. 2d 918 (1978). If Officer Rousseau, the chief State's witness, had been limited in his testimony to relating only the events of 25 September 1978, he would have started his testimony by relating the making of four unsuccessful telephone calls in attempting to contact defendant at his apartment, and the jury would not have the benefit of any evidence relative to the witness's prior association with defendant and the purpose in attempting telephone contact. We find the evidence relevant as a pregnant circumstance tending to show their relationship and pattern of criminal activity. This assignment of error is overruled.

**[3]** The defendant assigns as error the denial of his motion for mistrial based on the reading by three jurors of a newspaper article appearing on the morning of 6 March 1980 in The Fayetteville Times. The article accurately reported that the trial of defendant on the charge of selling heroin was in progress and added: "He is appealing a November conviction of similar heroin charges. He received a 10-year prison sentence following that conviction."

It further appears from the record that the State made an oral pretrial motion that evidence of the transaction between the State's witness, Agent Rousseau, and the defendant on 21 September 1978 be admitted for the purpose of showing identity and common scheme or plan. The court ruled that the evidence would be admitted for that limited purpose, and then (in the absence of the jury) stated to the prosecuting attorney and defense counsel:

> "The Court would caution the State not to bring out in the State's case in chief evidence of any conviction of this defendant involved in [or] arising out of the September 21st incident."

A motion for mistrial based on alleged misconduct affecting the

jury is addressed to the discretion of the trial judge. Strong's N.C. Index 3d *Criminal Law* § 101 (1976). "The denial of a motion for a mistrial based on alleged misconduct affecting the jury is equivalent to a finding by the trial judge that prejudicial misconduct has not been shown." *State v. Moye,* 12 N.C. App. 178, 188, 182 S.E. 2d 814, 820 (1971).

The exposure of jurors to news media reports during trial has been a very real problem for a long time. *See State v. Moye, supra,* and *State v. McDougald,* 38 N.C. App. 244, 248 S.E. 2d 72 (1978), for lengthy discussions of the problem; Strong's N.C. Index 3d *Criminal Law* § 101.2 (1976) for compilation of state cases; and Annot., 31 A.L.R. 2d 417 (1953), for cases from other jurisdictions. The ever-widening coverage by the press, radio, and television is likely to bring the problem before the courts with increasing frequency. The problem is primarily one for the trial judge, who must weigh all the circumstances in determining in his sound judicial discretion whether the defendant's right to a fair trial has been violated when information or evidence reaches the jury which would not be admissible at trial.

In the case *sub judice* the circumstance that the newspaper article included the information of defendant's prior conviction on the charge of selling heroin which was not admissible at trial may be sufficient, nothing else appearing, to warrant a mistrial. *See Marshall v. United States,* 360 U.S. 310, 3 L. Ed. 2d 1250, 79 S. Ct. 1171 (1959). But there were other circumstances which were present and presumably considered by the trial judge. Evidence of the prior transaction in which Special Agent Rousseau paid defendant $350.00 for a white powder was properly admitted. The trial judge examined the jurors who had read the newspaper article, and he had the opportunity to observe them during examination and to consider their demeanor and their answers to his questions. We note that defendant did not request the right to examine the jurors. The trial judge was justified in concluding that they had not formed an opinion as a result of reading the article and that they could make a decision based solely on the evidence presented at trial. We find no error in the decision of the trial judge to deny defendant's motion for mistrial.

We have carefully considered defendant's other assignments of error and do not find them meritorious.

No error.

Judges HEDRICK and WHICHARD concur.