STATE OF NORTH CAROLINA v. CURL GERNELL SNOWDEN AND
STATE OF NORTH CAROLINA v. JESSIE LEE BOGGS

No. 803SC1071

(Filed 21 April 1981)

1. **Criminal Law § 66.17– improper out-of-court identification procedure – in-court identification not tainted**

    A witness's in-court identification of defendants was not tainted by an impermissibly suggestive out-of-court identification procedure where the witness, victim of an armed robbery, testified that defendants were the only people in the store; she watched them the entire time they were in the store; the lighting was good; the witness gave an accurate description of defendants prior to the impermissible out-of-court confrontation; and the witness identified defendants with a reasonable degree of certainty soon after the robbery.

2. **Criminal Law § 99– trial court's conduct – no expression of opinion**

    There was no merit to defendants' contention that the trial court erred in taking an active role in their trial by expressing an opinion as to their guilt, since all but one of the challenged comments and actions occurred during the voir dire hearing in the absence of the jury; the question asked in front of the jury was a proper focusing of one of defendants' questions on cross-examination; and no general trend of hostility on the part of the judge was shown by the record.

3. **Searches and Seizures § 11– vehicle stopped upon probable cause – seizure of items in plain view proper**

    There was no merit to defendants' contention that the trial court erred in not suppressing items seized from a motor vehicle in which defendants were riding because there was no probable cause to stop the vehicle, since testimony by an officer that he had been given a detailed description of the robbers, that he saw the car as he was leaving the crime scene approximately one and a half hours after commission of the robbery, and that the driver of the car appeared to fit the description of one of the robbers was sufficient to create in the officer an honest and reasonable suspicion that one or more of the occupants of the car had committed the armed robbery; therefore, stopping the car in which defendants were riding was lawful, and the property in plain view within the vehicle was lawfully seized and properly admitted into evidence.

APPEAL by defendants from *Fountain, Judge.* Judgment entered 19 June 1980 in Superior Court, PITT County. Heard in the Court of Appeals 11 March 1981.

Defendants were indicted for armed robbery. The State's evidence tended to show that on 20 April 1980 the defendants robbed the Stop-N-Go Store on Memorial Drive in Greenville, North Carolina, at gunpoint.

After a *voir dire* hearing on defendants' motions to suppress, the trial court allowed Sandra K. Williams, the clerk working at the Stop-N-Go the morning of the robbery, to identify the defendants. She testified that the defendants came into the store at approximately 2:40 a.m., and while defendant Snowden stood at the counter where she was standing, defendant Boggs went to one of the coolers, got milk from it and inquired about wine. Ms. Williams further testified that defendant Boggs then joined defendant Snowden at the counter where Ms. Williams stood and, after several minutes had passed, defendant Snowden drew a small pistol and demanded the money in the cash register. They then left the store taking approximately $67, two cartons of cigarettes, cigarette lighters and the milk.

Several police officers testified concerning the stopping of the car in which defendants and the above described items were found. Ms. Williams' subsequent identification of the defendants at the car, as the persons who robbed her, was suppressed. The items found in the car, however, were admitted into evidence over defendants' objections.

The defendants offered no evidence other than the recalling of Ms. Williams.

Defendants were found guilty as charged and their motions in arrest of judgment and to set aside the verdict as being contrary to the weight of the evidence were denied. Defendants appealed.

*Attorney General Edmisten, by Assistant Attorney General Acie L. Ward, for the State.*

*Dixon & Horne, by Stephen F. Horne, II, for defendant Jessie Lee Boggs.*

*Robert D. Rouse, III, for defendant Curl Gernell Snowden.*

ARNOLD, Judge.

Defendants were represented by separate counsel at trial and they have filed separate briefs. Defendant Snowden's 12 assignments of error are identical to 12 of defendant Boggs' 14 assignments of error and, as their arguments are also identical, we will address these assignments jointly.

[1] Defendants' first assignments of error concern the admissibility, over their objections, of the in-court testimony of Sandra K. Williams. The defendants argue that this testimony was tainted by an out-of-court identification procedure conducted in an impermissibly suggestive manner.

It is well-established that the primary illegality of an out-of-court identification will render the in-court identification inadmissible unless it is first determined that the in-court identification is of an independent origin. *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974). In this case the trial judge conducted an extensive *voir dire* hearing and subsequently suppressed Ms. Williams' identification of defendants at the roadside confrontation. Therefore, the question before the court is whether under all of the circumstances the suggestive pretrial procedure gave rise to a substantial likelihood of irreparable misidentification. *Manson v. Brathwaite*, 432 U.S. 98, 53 L. Ed. 2d 140, 97 S. Ct. 2243 (1977); *State v. Nelson*, 298 N.C. 573, 260 S.E. 2d 629 (1979). It is the strong probability of misidentification which violates a defendant's right to due process.

Unnecessarily suggestive circumstances alone do not require the exclusion of identification evidence. Factors to be considered are: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention during the commission of the crime; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the challenged confrontation; and (5) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375 (1972); *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974). Against these factors are weighed the "corrupting influence" of any suggestive circumstances leading to, and surrounding, the contested identification. *Manson v. Brathwaite*, *supra*.

Applying these standards, we find ample evidence of inherent reliability in Ms. Williams' in-court identification of the defendants. She testified that they were the only ones in the store, she watched them the entire time, and the lighting was good. She gave an accurate description of the defendants prior to the confrontation on the street, and identified them with a reasonable degree of certainty soon after the robbery. These factors clearly outweigh the influence of the circumstances surrounding the roadside confrontation.

[2] Defendants' second assignment of error is that the trial court erred in taking an active role in the defendants' trial by expressing an opinion as to their guilt. The expression of an opinion by the trial judge can deprive an accused of a fair trial, but whether the challenged remarks were prejudicial must be determined by what was said, and its probable effect upon the jury in light of all attendant circumstances. The burden of showing prejudice is on the appellant. *State v. Faircloth*, 297 N.C. 388, 255 S.E. 2d 366 (1979).

We find no prejudice has been shown. All but one of the challenged comments and actions occurred during the *voir dire* hearing in the absence of the jury. The question asked in front of the jury was a proper focusing of one of defendants' questions on cross-examination. Defendants further argue, however, that even if the judge's remarks were not prejudicial in themselves, an examination of the record indicates a general trend of hostility which had a cumulative effect of prejudice and therefore a new trial must be allowed. We disagree. No general trend of hostility is shown by the record, and defendants' contention in this regard is without merit. *See State v. Staley*, 292 N.C. 160, 232 S.E. 2d 680 (1977).

[3] Defendants' next contention is that the trial court erred in not suppressing the items seized in the motor vehicle in which the defendants were riding in that there was no probable cause to stop the vehicle. They base their contention on the grounds that there was no evidence to indicate that the car in which they were stopped by the police was involved in a robbery, and that at the time it was stopped it was being operated in all respects in compliance with the law.

Detention, or "investigative custody," without probable

State v. Snowden and State v. Boggs

cause to make a warrantless arrest, is restricted by the Fourth Amendment prohibition of unreasonable search and seizure. *Davis v. Mississippi,* 394 U.S. 721, 22 L. Ed. 2d 676, 89 S. Ct. 1394 (1969). There are well recognized exceptions to this rule, however, and, under certain circumstances, a police officer not aided by these exceptions can lawfully detain a suspect. *Terry v. Ohio,* 392 U.S. 1, 22, 20 L. Ed. 2d 889, 906-07, 88 S. Ct. 1868, 1880 (1968). In the situation where there is a need for immediate action and, upon personal observation or reliable information, the officer has an honest and reasonable suspicion that the suspect has either committed, or is preparing to commit a crime, the officer can lawfully stop that person in order to make an investigative inquiry. *Matter of Beddingfield,* 42 N.C. App. 712, 257 S.E. 2d 643 (1979); *State v. Bridges,* 35 N.C. App. 81, 239 S.E. 2d 856 (1978).

Officer Evans testified that he had been given a detailed description of the robbers; he saw the car as he was leaving the Stop-N-Go at approximately 4:00 a.m., and the driver of the car appeared to fit the description of one of the robbers. These facts are sufficient to create in Officer Evans an honest and reasonable suspicion that one or more of the occupants of the car had committed the armed robbery. We find, therefore, that stopping the car in which the defendants were riding was lawful, and the property in plain view within the vehicle was lawfully seized and properly admitted into evidence. *State v. Smith,* 289 N.C. 143, 221 S.E. 2d 247 (1976); *aff'd* 291 N.C. 505, 231 S.E. 2d 663 (1977); *Matter of Beddingfield, supra.*

Defendants also argue that evidence found during a search of defendant Snowden's person was illegally seized and improperly admitted. Having established that there was probable cause to stop the vehicle in which defendants were riding, it is clear that the search of defendant Snowden was lawful as a search incident to an arrest. *State v. Tilley,* 44 N.C. App. 313, 260 S.E. 2d 794 (1979).

We can further find no error in the judge's instructions, or in his denial of defendants' motions. Moreover, we have carefully considered all of defendant's remaining joint assignments of error, and defendant Boggs' two separate assignments, and find no merit in them.

Defendants' trial was free of prejudicial error.

No error.

Judges CLARK and MARTIN (Harry C.) concur.