STATE OF NORTH CAROLINA v. VAN PRINCE WELCH

No. 834SC313

(Filed 6 December 1983)

**1. Criminal Law § 66.14— independent origin of in-court identification**

The trial court properly found that two witnesses' in-court identifications of defendant were based on observations independent of the photographic identifications where the evidence tended to show that defendant had been in the store on a prior occasion; the witnesses had observed defendant for about fifteen minutes on the day of the robbery; defendant stood about four feet away from them, and escorted them physically to a bathroom; the store was well lighted; both witnesses gave accurate descriptions of defendant to the police; both witnesses viewed numerous pictures in the days following the robbery without identifying defendant; and about a month after the crime a police officer showed the witnesses a single photograph of defendant which both witnesses immediately recognized as the photograph of the perpetrator of the robbery.

**2. Criminal Law § 15— denial of motion for change of venue—no error**

Defendant failed to show an abuse of discretion on the part of the trial court in denying his motion for change of venue where the record contained no indication that defendant used any of his challenges or that pre-trial publicity affected any juror adversely.

**3. Criminal Law § 101.2— exposure by juror to newspaper article about defendant—denial of motion for mistrial proper**

The trial court did not err in denying defendant's motions for a mistrial and to set aside the verdict on the ground that during the trial a juror had read a newspaper article about another crime which defendant had committed where the court found that the juror who had read the article was in no way influenced by it, and that the verdict resulted from deliberation on "the evidence and other matters coming solely from [the] courtroom and from no other source."

**4. Criminal Law § 99.4— denying motion to dismiss in presence of jury—no expression of opinion by court**

Defendant failed to show that the court expressed an opinion, in violation of G.S. 15A-1222, by summarily denying his motion to dismiss in the presence of the jury since the record failed to show that the ruling was in fact audible to the jurors, since the defendant did not object or move for a mistrial on this

count at trial, and since at most, the ruling merely informed the jury that the
evidence was sufficient to allow it to decide the case.

ON writ of certiorari to review judgment entered by *Stevens,
Judge.* Judgment entered 26 October 1978 in Superior Court,
ONSLOW County. Certiorari allowed by the Court of Appeals 15
December 1982. Heard in the Court of Appeals 16 November
1983.

Defendant appeals from a judgment of imprisonment entered
upon his conviction of common law robbery.

*Attorney General Edmisten, by Assistant Attorney General
Guy A. Hamlin, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate
Defender Malcolm R. Hunter, Jr., for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in denying his motion to
suppress the identification testimony of two employees of the
store allegedly robbed.

The court found as facts the following:

Defendant had been in the store on a prior occasion, and the
witnesses had observed him for about fifteen minutes on the date
of the robbery. Defendant stood about four feet away from them,
and escorted them physically to a bathroom. The store was well
lighted. Both witnesses viewed numerous pictures in the days
following the robbery without identifying defendant. Both gave
accurate descriptions of defendant to the police. About a month
after the crime a police officer showed the witnesses a single
photograph of defendant. Both immediately recognized it as a
photograph of the perpetrator of the robbery. Both identified
defendant positively at trial and testified that their identification
was based on their recollection of events at the time of the rob-
bery.

Defendant argues that the single photograph tainted the in-
court identification, and that the court thus should have sup-
pressed the identification testimony. Use of a single photograph,
however, *does not per se* render identification procedures imper-

missibly suggestive. *Manson v. Brathwaite*, 432 U.S. 98, 109-14, 53 L.Ed. 2d 140, 151-54, 97 S.Ct. 2243, 2250-53 (1977); *see State v. Snowden*, 51 N.C. App. 511, 513-14, 277 S.E. 2d 105, 107, *disc. rev. denied*, 303 N.C. 318, 281 S.E. 2d 657 (1981); *see also* Annot., 39 A.L.R. 3d 1000, 1013-15 (1971 & Supp. 1983). Even if the procedure used could be found impermissibly suggestive, the identification testimony is admissible if the in-court identification had an independent origin. *Manson, supra; State v. Thompson*, 303 N.C. 169, 172, 277 S.E. 2d 431, 434 (1981).

The findings of fact on *voir dire* are supported by competent evidence, and are thus conclusive on appeal. *See State v. Hunter*, 26 N.C. App. 489, 490, 216 S.E. 2d 420, 421, *cert. denied*, 288 N.C. 246, 217 S.E. 2d 671 (1975). They amply support the conclusion that the witnesses identified defendant based on observations independent of the photographic identification. This contention is thus without merit.

[2]   Defendant contends the court erred in denying his motion for a change of venue. The motion was "addressed to the sound discretion of the trial judge, and an abuse of discretion must be shown before there is any error." *State v. Harrill*, 289 N.C. 186, 190, 221 S.E. 2d 325, 328, *death sentence vacated*, 428 U.S. 904, 49 L.Ed. 2d 1211, 96 S.Ct. 3212 (1976). The record contains no indication that defendant used any of his challenges or that pre-trial publicity, the basis of his motion, affected any juror adversely to defendant. Under these circumstances no abuse of discretion in denial of the motion appears.

[3]   Defendant contends the court erred in denying his motions for a mistrial and to set aside the verdict on the ground that during the trial a juror had read a newspaper article about another crime which defendant had committed. Defendant, upon learning of this, initially requested a mistrial or an examination of the jurors as to whether any of them had seen the article. The court denied a mistrial, but noted that it would allow examination of the jurors if they found defendant guilty.

Upon examination subsequent to the verdict one juror indicated that he or she had read "a couple of paragraphs" about defendant in a newspaper, and that the article did say something about previous convictions. The juror testified that the article did not in any way affect his or her verdict.

That juror had told one other juror about reading an article regarding defendant. The other juror indicated that he or she had only been told that the article was about defendant. All jurors indicated that their deliberations and verdict were based solely and entirely on the evidence, the arguments of counsel, and the charge of the court.

The court found that the juror who had read the article was in no way influenced by it, and that the verdict resulted from deliberation on "the evidence and other matters coming solely from [the] courtroom and from no other source." It found exposure to the article, but no prejudice therefrom.

> The problem [of exposure of jurors to news media reports during trial] is primarily one for the trial judge, who must weigh all the circumstances in determining in his sound judicial discretion whether the defendant's right to a fair trial has been violated when information or evidence reaches the jury which would not be admissible at trial.

*State v. Jones,* 50 N.C. App. 263, 268, 273 S.E. 2d 327, 331, *disc. rev. denied,* 302 N.C. 400, 279 S.E. 2d 354 (1981); *see also United States v. Pisano,* 193 F. 2d 355 (7th Cir. 1951) (five jurors read "misleading" article during trial; jurors' affirmations, after questioning, of no influence sufficient to allow court to proceed with trial); *State v. Trivette,* 25 N.C. App. 266, 212 S.E. 2d 705 (1975) (proper to proceed upon jurors' affirmations, after diligent questioning, of no influence). As in *Jones,* the court here "was justified in concluding that [the jurors] had not formed an opinion as a result of . . . the article and that they [made] a decision based solely on the evidence presented at trial." *Jones, supra,* 50 N.C. App. at 268, 273 S.E. 2d at 331. We find no error or abuse of discretion in the denial of the motions for mistrial and to set aside the verdict.

[4] Defendant finally contends the court expressed an opinion, in violation of G.S. 15A-1222, by summarily denying his motion to dismiss in the presence of the jury. The record, however, does not affirmatively disclose that the ruling was in fact audible to the jurors. Defendant did not seek to have the ruling made out of the presence of the jury, nor did he object or move for mistrial on this account at trial. Generally, ordinary rulings by the court in the course of trial do not amount to an impermissible expression

of opinion. *State v. Gooche*, 58 N.C. App. 582, 586-87, 294 S.E. 2d 13, 15-16, *modified on other grounds*, 307 N.C. 253, 297 S.E. 2d 599 (1982). At most the ruling here merely informed the jury that the evidence was sufficient to allow it to decide the case. On this record no prejudice to defendant appears.

No error.

Judges WEBB and PHILLIPS concur.