GEER, Judge.
Defendant William Donald Seitz appeals from his conviction of two counts of statutory sex offense. Defendant contends on appeal that two statements of the trial court constituted impermissible expressions of opinion, requiring a new trial. Based on our review of the record, we disagree and hold that defendant received a trial free of prejudicial error.
Facts
At trial, the State presented evidence tending to show the following. On or about 15 July 2002, defendant had been living with Brad and Carol Dobbs in their house for a few months. Ms. Dobbs' son, Alex Measmer, was also living in the home. H.R., the prosecuting witness, had been Alex's girlfriend for approximately three years on the date in question. On one occasion, defendant, who was 47 years old, asked H.R. if he could have pictures of her in her bra and panties; he also offered her $100.00 for sex. H.R., who was 15 years old at that time, said that she did not take defendant's comments seriously.
On 15 July 2002, H.R. arrived at the Dobbs' house to see Alex, but he was asleep. Defendant, who was in the living room, asked H.R. if she wanted to ride with him to the bank and the store. H.R. agreed, and she accompanied defendant as he drove to a bank and withdrew some money. Defendant then drove to a store where he bought cigarettes for himself and soft drinks for both of them. After they left the store, defendant asked H.R. if she knew where Northwest Cabarrus High School was. When H.R. indicated that she knew of the location, defendant said he wanted to show her something. While they were en route to the school, defendant asked H.R. a few questions about her sex life with Alex.
Upon arriving at the school, H.R. followed defendant down a cross-country trail for 10 minutes or less. H.R. said defendant bent down as if to tie his shoes, then unbuttoned her shorts. Defendant proceeded to penetrate her vagina with his finger and then with his tongue. H.R. said nothing, but pulled up her shorts. As they were walking back to defendant's vehicle, he said "Thanks for letting me do that." Defendant handed H.R. $50.00 while he was driving back to the Dobbs' house, telling her that it was in payment for work she had done for Brad Dobbs and defendant on a preceding weekend.
Approximately a week later, H.R. told Alex what defendant had done. They later told Alex's mother, who in turn informed H.R.'s mother of the incident. H.R.'s mother contacted the police, and Detective Luke Blume took statements from H.R. and Alex. Officers ultimately arrested defendant at his place of employment in December 2002.
On 13 January 2003, the Cabarrus County grand jury indicted defendant on two counts of statutory sex offense. A jury subsequently found defendant guilty of the charges on 15 July 2004. After consolidating the convictions for judgment, the trial court sentenced defendant to a term of 192 to 240 months imprisonment. From the trial court's judgment, defendant appeals.
Discussion
N.C. Gen. Stat. § 15A-1222 (2003) prohibits a trial judge from "expressing during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." Defendant contends that this principle was violated following the testimony of Detective Blume and when the trial court denied defendant's motion to dismiss at the close of the State's evidence. Although defendant did not object at either time, our Supreme Court has held that he was not required to object in order to preserve this issue for appeal because the prohibitions against a trial judge expressing his or her opinion contained in N.C. Gen. Stat. § 15A-1222 are mandatory. State v. Young, 324 N.C. 489, 494, 380 S.E.2d 94, 97 (1989). Defendant first argues that an exchange between the trial judge and Detective Blume following the detective's testimony constituted an impermissible expression of opinion. Detective Blume testified he was employed as an investigator with the Kannapolis Police Department until his retirement in August 2003 with 30 years of service. After the prosecutor congratulated him on his retirement, he asked Detective Blume to read for the jury the statements that he had taken from H.R. on 26 August 2002 and from Alex on 28 August 2002. Those statements were subsequently admitted into evidence without any objection from defendant. When Detective Blume was excused from the witness stand, the following exchange occurred:
THE COURT: I believe I've known you those whole thirty years that you've been - Officer Blume, I've known you the whole thirty years you've been in Kannapolis.
DETECTIVE BLUME: Yes, sir.
THE COURT: All right. We've known each other a long time. Okay. Has the State got any further witnesses?
Neither defense counsel nor the State made any comments or objections to the exchange.
Defendant argues that the court's remarks to Detective Blume prejudicially bolstered the detective's credibility and "tended to increase the weight the jury would have given to his testimony, the worthiness of his investigatory skills in general, and his investigation of these allegations in particular." Based on our review of Detective Blume's testimony, we disagree. The detective's substantive testimony encompassed only (1) a description of his procedure in obtaining the statements of H.R. and Alex and (2) the reading of those statements. His testimony does not indicate any investigation other than obtaining the statements. Given the limited nature of Detective Blume's testimony and the fact that the jury had the opportunity to review the actual statements, the trial court's remarks constituted harmless error. See State v. Alston, 111 N.C. App. 416, 421, 432 S.E.2d 385, 388 (1993) (holding that colloquy between the district attorney and the judge, while arguably demonstrating partiality to the State, did not constitute prejudicial error when it did not relate to any fact to be proven in the case).
Defendant also argues that the trial court's denial of his motion to dismiss at the close of the State's evidence without excusing the jury could have been construed by the jury as an expression of opinion. The transcript indicates the following:
(Bench conference conducted off the record, after which the Court dictated the following to the reporter):
THE COURT: At the end of the State's evidence, the defendant made a motion to dismiss. The motion is denied.
All right. Mr. Ginn defense counsel, do you wish to offer any evidence?
(Emphasis added.)
In State v. Welch, 65 N.C. App. 390, 393, 308 S.E.2d 910, 912 (1983), defendant similarly argued that the trial court violated N.C. Gen. Stat. § 15A-1222 "by summarily denying his motion to dismiss in the presence of the jury." In rejecting this argument, the Court observed that "the record, however, does not affirmatively disclose that the ruling was in fact audible to the jurors. Defendant did not seek to have the ruling made out of the presence of the jury, nor did he object or move for mistrial on this account at trial." Id. It then concluded: "Generally, ordinary rulings by the court in the course of trial do not amount to an impermissible expression of opinion. At most the ruling here merely informed the jury that the evidence was sufficient to allow it to decide the case. On this record no prejudice to defendant appears." Id. at 393-94, 308 S.E.2d at 913 (internal citation omitted).
We believe Welch controls and requires that we overrule defendant's assignment of error. Defendant attempts to distinguish Welch by reading the transcript as affirmatively showing that the court's ruling was audible to the jury. We, however, read the court reporter's notation that "the Court dictated the following to the reporter" as suggesting that the ruling was not audible to the jury. At a minimum, there is no "affirmative" showing such as that required by Welch. As in Welch, therefore, "no prejudice to defendant appears." Id. at 394, 308 S.E.2d at 913.
No error.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).