STATE OF NORTH CAROLINA v. HAZEL CARTER AND
ROBERT LEE HART

No. 7227SC813

(Filed 29 December 1972)

**1. Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence to withstand nonsuit**

Where the evidence tended to show that a service station was unlawfully entered and items of personal property were unlawfully removed therefrom, that defendants transported the stolen property to the place of business of one Boone and that Boone purchased the merchandise and paid the money to defendant Hart, such evidence was sufficient to withstand nonsuit in a felonious breaking and entering and felonious larceny case.

**2. Criminal Law §§ 42, 102— jury argument — reference to box of cigars and cigarettes — no error**

Reference to a box of cigars and cigarettes by the solicitor in his argument to the jury did not constitute prejudicial error where the box was the subject of testimony by a State's witness in the presence of the jury and where the box was on display before the jury during the presentation of the State's evidence, even though it was not clear from the record that the box was formally introduced into evidence.

**3. Criminal Law § 113— instruction of guilt as to joint defendants**

The trial court's instruction adequately apprised the jury of its responsibility as to each defendant separately.

APPEAL by defendants from *Martin (Harry C.), Judge,* 24 July 1972 Session of Superior Court held in GASTON County.

Each defendant was charged in a bill of indictment with (1) felonious breaking or entering, (2) felonious larceny, and (3) feloniously receiving stolen goods. The two cases were consolidated for trial.

The State's evidence tended to show the following. During the night of 1 March 1971 the Belmont Amoco station operated by Jack Overman in Belmont was unlawfully entered and certain items of personal property were unlawfully removed. At about 11:00 p.m. the night of 1 March 1971 one Earl Boone, the operator of a Swap Shop in Bessemer City, was contacted by defendant Hazel Carter by telephone and advised that she had "some stuff" to sell. Boone told her to bring it up the next morning and he would look at it. The following morning (2 March 1971) defendant Hart and defendant Carter went to Boone's place of business. Hart was driving and Carter was

riding in the car with him. The merchandise which had been taken from the Belmont Amoco station was in a box in the car with defendants. Boone purchased the stolen merchandise for $70.00 and paid the money to Hart.

The jury was instructed upon the doctrine of possession of recently stolen goods, and it found both defendants guilty of felonious breaking or entering and felonious larceny. Defendant Hazel Carter was sentenced to a term of three years on the felonious larceny conviction, which sentence was suspended and defendant placed on probation. On the breaking or entering conviction defendant Hazel Carter was sentenced to an active term of two years. Defendant Robert Lee Hart's convictions of breaking or entering and larceny were consolidated for judgment and he was sentenced to an active term of three to five years. Both defendants appealed.

*Attorney General Morgan, by Associate Attorney Ricks, for the State.*

*Childers & Fowler, by Henry L. Fowler, Jr., and William N. Puett, for defendant Hazel Carter.*

*Brown & Brown, by Joseph G. Brown, for defendant Robert Lee Hart.*

BROCK, Judge.

[1] Each defendant assigns as error the denial of motion for nonsuit. "Possession of stolen property shortly after the property was stolen raises a presumption of the possessor's guilt of larceny of such property." 5 Strong, N. C. Index 2d, Larceny, § 5, p. 189. Where it is established that the larceny was by breaking or entering, the possession of the recently stolen property raises a presumption of the possessor's guilt of the breaking or entering as well as the larceny. *State v. Waddell,* 11 N.C. App. 577, 181 S.E. 2d 737. In our opinion the motions for nonsuit were properly overruled.

[2] Defendant Carter assigns as error the argument of the Solicitor concerning the contents of the box of cigars and cigarettes and his use of the box in the view of the jury. Defendant argues that the box of cigars and cigarettes had not been introduced in evidence and that the Court should have sustained her objection. Apparently the box of cigars and cigarettes defendant refers to in this assignment of error are the boxes, or

one of the boxes, marked as State's exhibits 3, 4, 5, and 6. These exhibits were identified by the State's witness as the same brands and similar to the ones stolen from the Belmont Amoco station on 1 March 1971. It is not clear from the record whether these exhibits were formally introduced in evidence, but it is abundantly clear that they were the subject of testimony by the State's witness in the presence of the jury and were on display before the jury during the presentation of the State's evidence. Clearly, the exhibits had not been excluded from evidence or denied admission. We perceive no prejudicial error in the reference to them by the Solicitor in his argument to the jury. This assignment of error is overruled.

[3]  Both defendants assign as error various portions of the trial judge's instructions to the jury. Specifically, they complain that the jury was not permitted to find one defendant guilty and the other not guilty. They argue that the instructions require the jury to find both guilty if they find one guilty. Without attempting to dissect each phrase challenged by defendants, it is our opinion that the instructions adequately apprise the jury of its responsibility as to each defendant separately. This assignment of error is overruled.

We have examined defendants' remaining assignments of error to the trial court's instructions to the jury. In our opinion the defendants had a fair trial and their cases were submitted to the jury under appropriate instructions upon applicable principles of law.

No error.

Judges CAMPBELL and GRAHAM concur.