STATE OF NORTH CAROLINA v. GARY RAY MILLS

No. 7822SC640

(Filed 5 December 1978)

**1. Criminal Law § 81— time of breathalyzer test—best evidence rule**

Testimony by officers that a breathalyzer test was administered to defendant at 1:05 p.m. when the breathalyzer record indicated that the test was

administered at 12:15 p.m. did not violate the best evidence rule since the contents of the writing were not in question, the time of the test was a fact which had an existence independent of the words on the writing, and the knowledge of the officers concerning this fact arose from their personal observations and experience rather than from the writing.

2. **Criminal Law § 130— conversation between breathalyzer operator and juror—denial of mistrial**

In a prosecution for driving under the influence of intoxicants, the trial court did not err in denying defendant's motion for mistrial made on the ground that the breathalyzer operator had talked to one of the jurors during a recess where the court conducted a hearing and determined that the conversation concerned the association of the breathalyzer operator and juror with a softball team some five years earlier, that the case was not discussed and that the conversation would not influence the juror.

3. **Criminal Law § 101.2— article in jury view not introduced in evidence—no denial of fair trial**

In a prosecution for driving under the influence in which there was evidence that defendant removed a brown paper bag from his car after it was involved in a collision and placed it in another vehicle, defendant was not denied a fair trial by the court's denial of his motion to have a brown paper bag which was not introduced into evidence removed from the jury view during his trial since the existence of the bag was not an essential link in the State's case, the bag was not itself capable of arousing prejudice among members of the jury, the jury was not informed of the actual contents of the bag, and the court was never called upon to rule on its admissibility.

4. **Automobiles § 126; Criminal Law § 96— driving under the influence—statements by defendant's uncle—withdrawal of evidence**

In a prosecution for driving under the influence, any prejudice resulting from an officer's testimony that defendant's uncle denied ownership and knowledge of a brown paper bag placed in the uncle's car by defendant after defendant's car was involved in a collision was removed by the court's prompt instruction to the jury to disregard such testimony.

5. **Criminal Law § 163— objections to review of evidence**

Objections to the trial court's review of the evidence must be made before the jury retires in order that the trial court may have an opportunity for correction or they are deemed waived and will not be considered on appeal.

APPEAL by defendant from *Mills, Judge.* Judgment entered 7 February 1978 in Superior Court, IREDELL County. Heard in the Court of Appeals sitting in Winston-Salem 15 November 1978.

The defendant was charged with driving under the influence of intoxicating liquor. Upon his plea of not guilty, the jury returned a verdict of guilty as charged. From judgment sentencing

him to imprisonment for a term of six months, suspended on the condition that he pay a fine of $125 plus costs of court, surrender his operator's license and not drive until he is properly licensed, the defendant appealed.

The State's evidence tended to show that on 8 December 1977 the defendant was operating a motor vehicle which was involved in a collision with another vehicle. A policeman who arrived at the scene shortly after the accident indicated that the defendant had a strong odor of alcohol about his breath, was unsteady on his feet, was speaking in a slurred manner and was using loud and abrasive language. In addition, the defendant removed a brown paper bag from his car and placed it in another vehicle belonging to his uncle. The defendant was then arrested and taken to the police station. After the defendant had been advised of his rights, the policeman questioned him. The defendant told the officer that during the past three hours he had been drinking a pint of gin and that he was under the influence of alcoholic beverages at the time of questioning. The defendant was then given a breathalyzer test. The results of that test showed that the defendant had .19 percent of alcohol to blood by weight.

The defendant elected not to present evidence.

Additional facts pertinent to this opinion are hereinafter set forth.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin and Assistant Attorney General William B. Ray, for the State.*

*C. Gary Triggs for defendant appellant.*

MITCHELL, Judge.

[1] The defendant first assigns as error the admission of the testimony of two officers that the breathalyzer was administered to the defendant at 1:05 p.m. when the written breathalyzer record indicated that it was administered at 12:15 p.m. The defendant contends that this violated the best evidence rule. We do not agree.

The best evidence rule indicates that a writing is the best evidence of its contents. The rule does not apply "to writings

when their contents are not in question or when they are only 'collateral' to the issues in the case." 2 Stansbury, N.C. Evidence (Brandis Rev. 1973) § 190, p. 100. Additionally, "if a fact has an existence independent of the terms of any writing, the best evidence rule does not prevent proof of such fact by the oral testimony of a witness having knowledge of [that fact]." 2 Stansbury, N.C. Evidence (Brandis Rev. 1973) § 191, n. 24, p. 103.

In the present case, the contents of a writing are not in question. The original breathalyzer record was introduced into evidence, and it is undisputed that it indicated the test was administered at 12:15 p.m. The time at which the breathalyzer test was given was a fact which had an existence independent of the words on the record. The knowledge of the officers concerning this fact arose from their personal observations and experiences rather than from the writing. In such cases, the best evidence rule does not apply. *State v. Branch*, 288 N.C. 514, 220 S.E. 2d 495 (1975); *State v. Cornell*, 281 N.C. 20, 187 S.E. 2d 768 (1972); *State v. Fox*, 277 N.C. 1, 175 S.E. 2d 561 (1970).

[2]  The defendant next assigns as error the trial court's denial of his motion for a mistrial. The motion was made when it was learned that the breathalyzer operator had talked to one of the jurors during a recess. A hearing was then conducted concerning the incident, and both the State and the defendant examined the breathalyzer operator concerning the conversation with the juror. The trial court found that a conversation had taken place, that it concerned the association of the two with a softball team some five years earlier, that the case was not discussed and that the conversation would not influence the juror. The trial court then denied the defendant's motion for a mistrial.

A motion for mistrial should be granted when an occurrence during the trial results "in substantial and irreparable prejudice to the defendant's case." G.S. 15A-1061. The decision as to whether substantial and irreparable prejudice has occurred lies within the court's discretion and, absent a showing of abuse of that discretion, the decision of the trial court will not be disturbed on appeal. *State v. Sneeden*, 274 N.C. 498, 164 S.E. 2d 190 (1968). Although the conversation between the breathalyzer operator and the juror was improper and should not have occurred, there has been no showing that the trial court abused its

discretion or that the conversation had a prejudicial effect on the outcome of the case. *See State v. Johnson*, 295 N.C. 227, 244 S.E. 2d 391 (1978). This assignment of error is overruled.

[3] The defendant also assigns as error the failure of the trial court to grant his motion to have a bag removed from the view of the jury during his trial. The bag, which apparently was a brown paper bag, was never introduced into evidence. The defendant contends, however, that its presence in the courtroom was prejudicial to him. We do not agree.

A brown paper bag is not in and of itself capable of arousing prejudice among the members of a jury. The existence of a bag was not an essential link in the development of the State's case. Nothing in the record tends to indicate that the jury was informed of the actual contents of the bag in the courtroom or that the trial court was ever called upon to rule on the issue of its admissibility in evidence. The denial of the motion did not prevent the defendant from receiving a fair trial. *See State v. Carter*, 17 N.C. App. 234, 193 S.E. 2d 281 (1972), *cert. denied*, 283 N.C. 107, 194 S.E. 2d 634 (1973).

[4] The defendant additionally assigns as error the failure of the trial court to grant his motion for a mistrial after the arresting officer testified as to statements made by the defendant's uncle. The arresting officer indicated that, when he went to the vehicle of the defendant's uncle and removed the paper bag the defendant had placed there, the defendant's uncle said, "It's not mine. I don't know nothing about it." The defendant objected to the statement and the objection was sustained. The jury was then instructed to disregard what they had heard concerning this matter. Since any prejudicial effect of the statement was overcome by the prompt instruction of the trial court, the motion for mistrial was properly denied.

[5] The defendant further contends that the trial court failed to impartially set forth the evidence in its charge to the jury. The trial court was required to state the evidence to the extent necessary to explain the application of the law to the evidence. G.S. 15A-1232. Due process requires that the evidence be reviewed in a fair and impartial manner. However, objections to the trial court's review of the evidence must be made before the jury retires in order that the trial court may have an opportunity for

correction. If such objections are not timely made, they are deemed to have been waived and will not be considered on appeal. *State v. Virgil*, 276 N.C. 217, 172 S.E. 2d 28 (1970). Nevertheless, we have reviewed the charge in its entirety and find no reversible error.

The defendant presented other assignments of error which we have reviewed and find to be without merit.

The defendant received a fair trial free from prejudicial error, and we find

No error.

Judges CLARK and WEBB concur.