STATE OF NORTH CAROLINA v. VESTER TERRY SNEEDEN

No. 9111SC820

(Filed 5 January 1993)

**1. Evidence and Witnesses § 345 (NCI4th)— rape twenty-three years earlier—admissibility to show intent and lack of consent**

Evidence of a 1967 rape committed by defendant was admissible in defendant's trial for a 1990 rape on questions of defendant's intent when the victim entered his automobile and the victim's lack of consent where both crimes were similar in that defendant gained the trust of both victims, lured them into an automobile, and then took them to a different location where they were sexually assaulted. The 1967 rape was not so remote as to have lost its probative value on the questions of intent and consent.

**Am Jur 2d, Rape § 71.**

**Admissibility, in rape case, of evidence that accused raped or attempted to rape person other than prosecutrix. 2 ALR4th 330.**

**2. Evidence and Witnesses § 699 (NCI4th)— prior rape— admissibility to show intent and lack of consent—admission for other purposes—failure to request limiting instruction**

Where evidence of a prior rape was admissible for purposes of showing defendant's intent and the victim's lack of consent but defendant did not request a limiting instruction, any error in the trial court's instruction that evidence of the

STATE v. SNEEDEN

[108 N.C. App. 506 (1993)]

prior rape was admitted to show "a plan, scheme, system or design involving the crime charged" was not so fundamental as to have a probable impact on the verdict.

**Am Jur 2d, Appeal and Error §§ 549, 798, 810, 815; Trial §§ 430-434.**

3. **Criminal Law § 520 (NCI4th) — prior rape — juror who worked with defendant — failure to declare mistrial**

The trial court did not abuse its discretion in failing to declare a mistrial in a rape case when a juror advised the court that he realized he had worked with defendant at the time defendant committed a rape twenty-three years earlier where the juror replied affirmatively when asked by the court whether he could pass upon defendant's guilt or innocence "without what went on . . . 23 years ago."

**Am Jur 2d, Criminal Law § 679; Jury § 321; Trial §§ 1706-1712.**

4. **Constitutional Law § 367 (NCI4th) — three consecutive life sentences — no cruel and unusual punishment**

The imposition on defendant of three consecutive life sentences and one nine-year sentence for two counts of first degree rape, one count of first degree sexual offense and one count of second degree kidnapping did not constitute cruel and unusual punishment.

**Am Jur 2d, Criminal Law §§ 625, 626, 629.**

Judge GREENE dissenting.

Appeal by defendant from judgment entered 1 February 1992 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 16 October 1992.

Defendant was indicted on two counts of first degree rape, one count of first degree sexual offense and one count of first degree kidnapping. These charges arose from an alleged incident involving Angela Hatfield. At trial, the State's evidence tended to show that on 17 July 1990, Angela Hatfield was on her way to the Employment Security Office when she was approached by defendant. Hatfield testified that defendant told her he was looking for a secretary and that she should follow him to one of the "job sites" where she would be working. When they arrived at one

of these sites, defendant suggested that Hatfield leave her car and ride with him. According to Hatfield, when she got out of her car, defendant handcuffed her, forced her into his car, threatened her with a pistol and then blindfolded her. Hatfield was then taken to a house and forced to have oral and vaginal sex with defendant. Hatfield further testified that at some point defendant allowed her to get dressed, but then forced her to have vaginal sex again.

The trial court also allowed the testimony of Mary Jo Welch Thaxton and Carla Wood, over defendant's objections.

Thaxton testified that she met defendant in Raleigh in 1967 while waiting for a bus in order to go to Greenville. Defendant told Thaxton that he was a college student who was working for a rental car company and if she would follow him in one car while he delivered another to a client, he would give her a ride to Greenville. Thaxton further testified that upon arriving at the alleged client's house, she was knocked out and raped. On the basis of this incident defendant was sentenced to life imprisonment and was paroled in 1977 and discharged from parole in 1983.

Carla Wood testified that she met defendant in October 1989. At some point defendant told Wood that he was dying and gave her $300 so that she could go to the beach and have fun. Wood testified that later, on 14 July 1990, defendant invited her to his home in order to perform cleaning services. According to Wood, defendant then offered her money for sex and attacked her with a pistol when she refused. Eventually, Wood was able to break free and escape.

Defendant testified he had known Hatfield for some time before the alleged rape and that she agreed to have sex with him in exchange for money. Defendant acknowledged that Carla Wood had visited him at his house, but denied ever attempting to have sex with her.

The jury found defendant guilty and he was sentenced for two counts of first degree rape, one count of first degree sexual offense and one count of second degree kidnapping.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant appellant.*

WALKER, Judge.

[1] In his first assignment of error, defendant contends the trial court erred when it admitted evidence of the 1967 rape of Mary Jo Welch Thaxton. According to defendant, this evidence should not have been admitted because it occurred some twenty-three (23) years before the alleged assault upon Angela Hatfield. Because of this lapse of time, defendant argues the prior act is so remote in time that any probative value is outweighed by the prejudicial effect.

In overruling defendant's objection to the testimony of both Thaxton and Carla Wood, the trial court made detailed findings for the record. Included in these findings was the construction of a matrix listing similarities between the victims and the methodology of defendant in the three assaults. The trial court found twenty-one (21) factors which were substantially similar and concluded the evidence had probative value. The trial court also noted that even though prejudicial, the admission of this evidence was not so grossly shocking as to mislead the jury nor was it so unfairly prejudicial as to outweigh the probative value. We find that the trial court did not err in admitting this evidence.

Under Rule 404(b), evidence of other offenses is admissible if it is relevant to some fact or issue other than the character of the accused. *State v. Davis*, 101 N.C.App. 12, 398 S.E.2d 645 (1990), *disc. review denied*, 328 N.C. 574, 403 S.E.2d 516 (1991). As regards prior similar sex offenses, North Carolina liberally admits such evidence. *State v. White*, 331 N.C. 604, 612, 419 S.E.2d 557, 561 (1992). "This is particularly true where the fact sought to be proved is the defendant's intent to commit a similar sexual offense for which the defendant has been charged." *Id.* at 612, 419 S.E.2d at 561-562.

The test for admissibility of prior sexual offenses has two parts. *First*, whether the prior incidents are sufficiently similar; and *second*, whether the incidents are not too remote in time. *State v. Jones*, 322 N.C. 585, 589, 369 S.E.2d 822, 824 (1988); *State v. Wilson*, 106 N.C.App. 342, 348, 416 S.E.2d 603, 607 (1992). As to the first part of the admissibility test, a prior act or crime is "similar" if there are some unusual facts present indicating that the same person committed both the earlier offense and the present one. However, the similarities between the two incidents need not be "unique and bizarre." *State v. Stager*, 329 N.C. 278, 304, 406

S.E.2d 876, 891 (1991). "Rather, the similarities simply must tend to support a *reasonable* inference that the same person committed both the earlier and later acts." *Id.* (emphasis in original). Upon review, this Court finds the 1967 incident sufficiently similar to the incident giving rise to the present charges. The State's evidence shows that among the similarities both in 1967 and in 1990, defendant gained the trust of his victims, lured them into an automobile and then took them to a different location where they were sexually assaulted. This Court has previously found that similarities of this nature justify admitting the evidence of prior crimes to prove *modus operandi* and intent. *State v. Pruitt*, 94 N.C.App. 261, 380 S.E.2d 383, *disc. review denied*, 325 N.C. 435, 384 S.E.2d 545 (1989).

Defendant contends that irrespective of similarity, any evidence relating to the 1967 rape should not have been admitted since it was too remote in time. On this point, we find *State v. Stager*, 329 N.C. 278, 406 S.E.2d 876 (1991) instructive. In that case, our Supreme Court found evidence of the 1978 shooting death of defendant's first husband admissible in the prosecution arising from the 1988 shooting death of defendant's second husband. The Court noted that "remoteness in time . . . is more significant when the evidence of the prior crime is introduced to show that both crimes arose out of a common scheme or plan." *Id.* at 307, 406 S.E.2d at 893. This recognizes that with the passage of time, "[t]he probability of an ongoing plan or scheme . . . becomes tenuous." *State v. Jones*, 322 N.C. 585, 590, 369 S.E.2d 822, 824 (1988). In *Stager* the evidence was not admitted for the purpose of showing a common "plan or scheme," but rather was admitted for the purpose of proving "intent" and "motive." *State v. Stager* at 307, 406 S.E.2d at 892-893. "[R]emoteness in time is less significant when the prior conduct is used to show intent, motive, knowledge, or lack of accident; remoteness in time generally affects only the weight to be given such evidence, not its admissibility." *Id.* at 307, 406 S.E.2d at 893.

Here, even though defendant admits having sex with Angela Hatfield, he contends she consented. Accordingly, due to its close similarity, the 1967 rape is probative upon the question of defendant's intent when Hatfield entered his car and upon the question of Hatfield's consent. Since the 1967 rape was admissible for these purposes, it was not so remote as to have lost its probative value.

[2] Although not specifically raised by defendant, we note the trial court instructed the jury that the evidence of the 1967 rape was admitted in order to show "a plan, scheme, system or design involving the crime charged." While under *State v. Stager* and *State v. Jones*, 322 N.C. 585, 369 S.E.2d 822 (1988) remoteness in time becomes more significant when this evidence is admitted to show only an ongoing "plan" or "scheme," as our previous discussion indicates, evidence regarding the 1967 rape was admissible to show both defendant's intent and the victim's lack of consent. At no time after the trial court ruled that evidence of the 1967 rape was admissible did defendant request this evidence be limited to proving intent or lack of consent. Since defendant did not request such a limiting instruction and since this evidence was admissible for a proper purpose, any error in instructing the jury was not so fundamental as to have a probable impact on the verdict. *See State v. Odom*, 307 N.C. 655, 660-661, 300 S.E.2d 375, 378-379 (1983); *see also, State v. Stager*, 329 N.C. at 309-310, 406 S.E.2d at 894.

Defendant next contends the trial court committed plain error in instructing the jury on the testimony of both Mary Jo Welch Thaxton and Carla Wood. After each witness testified, the trial court instructed:

> [this] testimony . . . is received into evidence solely for the purpose of showing that there existed in the mind of the Defendant, Terry Sneeden a plan, scheme, system or design involving the crime charged in this case and for no other reason.

In its final mandate to the jury the trial court repeated this instruction and further instructed:

> If you believe their testimony, you may consider it, but only for that limited purpose.

Defendant argues this instruction was erroneous because (1) the jury was led to believe that there existed a conclusive presumption that evidence of similar bad acts is evidence of a scheme and (2) the instruction improperly suggested that the trial court believed a scheme existed. We find this contention has no merit since the instruction given accurately states existing North Carolina law. *See* N.C.P.I., Crim. 104.15.

[3] Defendant further contends the trial court erred in failing to declare a mistrial when it came to the trial court's attention that one of the jurors had been a co-worker of the defendant at

the time of the 1967 rape. After hearing the evidence, one juror came forward and advised the trial court that he realized he had worked with defendant in 1967. According to the juror, he and defendant never had any association since they worked different shifts, but he recalled defendant was either dismissed or resigned in connection with the 1967 rape of Mary Jo Welch Thaxton. Once advised, the trial court asked the juror whether he could pass upon defendant's guilt or innocence "without what went on . . . 24 or 23 years ago," to which the juror replied "yes, sir."

The decision to deny a motion for a mistrial will only be overturned where there is a showing of an abuse of discretion on the part of the trial court. *State v. Mills*, 39 N.C.App. 47, 249 S.E.2d 446 (1978), *disc. review denied*, 296 N.C. 588, 254 S.E.2d 33 (1979). Furthermore, not all knowledge on the part of a juror demands either disqualification or a mistrial. In *State v. Jones*, 50 N.C.App. 263, 273 S.E.2d 327, *disc. review denied*, 302 N.C. 400, 279 S.E.2d 354 (1981), three jurors learned through the newspaper of defendant's prior conviction. Similar to the present case, the trial court in *Jones* had admitted the evidence of this prior conviction only for the limited purpose of proving identity and common scheme or plan. At trial, the three jurors were questioned as to the effect their knowledge would have upon their continuing impartiality. This Court held that the trial court did not abuse its discretion when it denied defendant's motion for a mistrial. Based upon *Jones* and the circumstances in the present case, we cannot say the trial court abused its discretion in denying defendant's motion.

[4] In his final assignment of error, defendant contends the sentence imposed constituted a cruel and unusual punishment. Defendant received three consecutive life sentences and one nine year sentence as a result of his convictions. We find no merit in defendant's contention since our Supreme Court has previously determined that the imposition of consecutive life sentences for first degree rape and first degree sexual offense does not violate a defendant's constitutional rights. *State v. Ysaguire*, 309 N.C. 780, 309 S.E.2d 436 (1983).

No error.

Judge WYNN concurs.

Judge GREENE dissents.

STATE v. SNEEDEN

[108 N.C. App. 506 (1993)]

Judge GREENE dissenting.

I cannot reconcile the majority's conclusion that the trial court properly admitted evidence of a twenty-three-year-old rape as being "probative of the question of defendant's intent" when the record clearly shows that the trial court admitted the evidence "solely for the purpose of showing that there existed in the mind of the defendant . . . a plan, scheme, system, or design involving the crime charged in this case," and admonished the jury to consider it only for this limited purpose.

Although it is undisputed that evidence of prior sexual offenses is liberally admitted in North Carolina, when the trial court expressly limits the admissibility of such evidence to a particular purpose, and instructs the jury accordingly, the reviewing court is not at liberty to analyze whether the evidence is admissible for *any* purpose. *Cf. State v. Haskins*, 104 N.C. App. 675, 683, 411 S.E.2d 376, 382-83 (1991), *disc. rev. denied*, 331 N.C. 287, 417 S.E.2d 256 (1992) (no prejudicial error when trial court admits prior act evidence for two purposes and reviewing court determines that evidence was properly admitted under only one of these purposes). In other words, if the record makes clear that the jury was instructed to consider the prior crime evidence for one purpose and for no other purpose, as in the instant case, the trial court's admission of the evidence can be upheld only if the record supports admission of the evidence for *that purpose*. Thus, in my view, the sole question presented with regard to the evidence of the 1967 rape is whether this evidence is admissible for the purpose for which it was offered by the State and admitted by the trial court—that is, for showing in defendant's mind a plan, scheme, system, or design (often referred to as "common plan or scheme") involving the crime with which he is charged.

As the majority correctly notes, the remoteness of a prior crime is more significant when evidence of the prior crime is introduced to show that both it and the crime with which the defendant is charged arose out of a common scheme or plan. *State v. Stager*, 329 N.C. 278, 307, 406 S.E.2d 876, 893 (1991). This is so because

> [t]he passage of time between the commission of the two acts slowly erodes the commonality between them. The probability of an ongoing plan or scheme then becomes tenuous. Admission of other crimes at that point allows the jury to convict defendant because of the kind of person he is, rather than because

the evidence discloses, beyond a reasonable doubt, that he committed the offense charged.

*State v. Jones*, 322 N.C. 585, 590, 369 S.E.2d 822, 824 (1988). Thus, despite the fact that some similarities exist between the two crimes at issue, the twenty-three-year lapse of time between the acts virtually negates any probative value which otherwise could be attributed to evidence of the 1967 rape.[1] Accordingly, the trial court erred in allowing the State to present, over defendant's objection, this evidence and, in my opinion, the error entitles defendant to a new trial. *See* N.C.G.S. § 15A-1443(a) (1988).

---

1. I am aware that as a result of the 1967 rape, defendant was incarcerated until 1977, at which time he was released on parole. However, even discounting defendant's prison time, *see State v. Davis*, 101 N.C. App. 12, 20, 398 S.E.2d 645, 650 (1990), *disc. rev. denied*, 328 N.C. 574, 403 S.E.2d 516 (1991), approximately thirteen years elapsed from the time defendant was released until the commission of the crime with which he is charged. For the reasons previously discussed, this time lapse has eroded the probative value of the prior rape to a point where such value, if any, is substantially outweighed by the danger of unfair prejudice to the defendant.