STATE OF NORTH CAROLINA v. CLIFFORD BLACKWELL, DEFENDANT-APPELLANT

No. COA98-882

(Filed 20 April 1999)

1. **Evidence— prior crime or act—similar modus operandi— remoteness**

In a prosecution for first-degree statutory rape and first-degree statutory sexual offense against an eleven-year-old female, evidence concerning defendant's sexual assaults on two young females ten and seven years earlier was admissible to establish that defendant was the present victim's assailant by showing a

STATE v. BLACKWELL

[133 N.C. App. 31 (1999)]

similar modus operandi where there was evidence that, on all three occasions, defendant licked his lips, called the victims expletive terms, and attempted to perform cunnilingus upon them. The prior bad acts were not too remote in time to render them inadmissible.

## 2. Rape; Sexual Offenses— defendant as perpetrator—sufficiency of evidence

The State's evidence was sufficient to support a jury finding that defendant was the perpetrator of a rape and a sexual offense against an eleven-year-old victim where it tended to show that the victim recognized defendant's voice and correctly described his hair, beard, and build, and the victim's neighbor observed defendant running from the direction of the victim's home at approximately the same time the attack on the victim ended.

## 3. Constitutional Law— effective assistance of counsel—inexperience—subsequent discipline

Defendant was not denied the effective assistance of counsel in a prosecution for burglary, rape and sexual offense because one of his attorneys had only practiced for a few months and his other attorney, who walked out of court, was subsequently suspended from practice for other disciplinary reasons.

Appeal by defendant Clifford Blackwell from judgment entered 12 August 1996 by Smith (Osmond), J., in Superior Court, Person County. Heard in the Court of Appeals 1 April 1999.

*Theresa K. Pressley, for defendant-appellant.*

*Michael F. Easley, Attorney General, by Elizabeth N. Strickland, Assistant Attorney General, for the State.*

WYNN, Judge.

In this matter, the State's evidence tends to show the following. On the afternoon of 24 August 1995, the eleven-year-old minor female was approached outside of her home by defendant Clifford Blackwell. Blackwell asked her several questions including her name, where her mother was, and whether he could come inside. The minor refused Blackwell's request to enter her home and walked away.

Subsequent to this incident, the minor went home, took a bath, watched television and fell asleep around 9:30 p.m. Throughout this

period, the minor was alone because her mother worked the late shift.

At approximately 11:30 p.m., the minor was awakened by a strange man climbing on top of her. The man was naked and proceeded to rip the minor's underwear off. Thereafter, the man raped the minor while screaming expletives. The attack lasted approximately twenty-five minutes.

Approximately five minutes after the attack ended, the minor's mother returned home to find her daughter wrapped in a blood-stained sheet. The mother immediately contacted the authorities. When the police arrived, the minor described the assailant. The minor stated that she knew her attacker was black because of the texture of his hair and from what she could see through the window as he was leaving. The minor also stated that the man was tall and skinny and that she recognized his voice as that of the man who had questioned her earlier in the day. That is, she recognized the voice to be Blackwell's. After providing this information, the minor was taken to the emergency room for treatment.

During the police investigation, it was discovered that a neighbor had observed Blackwell running from the direction of minor's residence at approximately the same time the attack ended. The investigation also revealed the presence of a pubic hair upon the minor's body that likely came from Blackwell's body.

Consequently, Blackwell was arrested and tried for first-degree burglary, first-degree-statutory rape, and first-degree-statutory sexual offense. Following his conviction on all charges, Blackwell appealed to this Court.

Before reaching the pertinent issues on appeal, we note that Blackwell violated rule 26(g) of the North Carolina Rules of Appellate Procedure by failing to use the proper font and line spacing in his brief to this Court. When a party or attorney fails to comply with the appellate rules, rule 25(b) permits an appellate court to impose sanctions of the type and manner prescribed by rule 34 for frivolous appeals. Prior to imposing such sanctions, however, rule 34 mandates that the appellate "court shall order the person subject to sanction to show cause in writing or in oral argument or both why a sanction should not be imposed." N.C. R. App. P. 34; *Steingress v. Steingress*, 350 N.C. 64, 68, 511 S.E.2d 298, 301 (Frye, J. dissenting) (1999); *State v. Hill*, 132 N.C. App. 209, 211, 510 S.E.2d 413, 414 (1999). Neither

action is necessary in this case because we choose not to impose sanctions; instead, we utilize our discretion under rule 2 to reach the merits of this appeal.

**[1]** Proceeding, Blackwell first contends that the trial court committed reversible error by allowing into evidence certain prior bad acts. Specifically, Blackwell objects to the trial court's decision to allow the State to present the testimony of two female witnesses.

One of the witnesses testified that when she was thirteen-years old (approximately ten years prior to the incident at issue here), Blackwell swam up to her in an apartment complex pool, grabbed her between the legs, touched her vaginal area, and licked his lips. For this conduct, Blackwell was convicted of taking indecent liberties with a minor.

The other witness testified that approximately seven years prior to the incident at issue here, Blackwell went to her house and offered her a couple hundred dollars to "let me eat your p---y." According to the witness, although she asked Blackwell to leave after he made this statement, he nonetheless proceeded toward her, pushed her legs apart and put his head between her legs. When she pushed Blackwell away and threatened him with a knife, he called her expletives and assaulted her.

Under rule 404(b) of the North Carolina Rules of Evidence,

[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

The list of permissible purposes set forth in rule 404(b) is not exclusive and "the fact that evidence cannot be brought within a [listed] category does not necessarily mean that it is inadmissible." *State v. DeLeonardo*, 315 N.C. 762, 770, 340 S.E.2d 350, 356 (1986). Our Supreme Court has characterized rule 404(b) as a general rule of inclusion of relevant evidence of other crimes, wrongs, or acts which is subject to but one exception, evidence should be excluded if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged. *See State v. Jeter*, 326 N.C. 457, 459-60, 389 S.E.2d 805, 807 (1990) (emphasis added). Accordingly, although "evidence may tend

to show other crimes, wrongs, or acts by the defendant and his propensity to commit them, it is admissible under rule 404(b) so long as it also is relevant for some purpose other than to show that defendant has the propensity for the type of conduct for which he is being tried." *State v. Morgan*, 315 N.C. 626, 637, 340 S.E.2d 84, 91 (1986).

Significantly, our Supreme Court has been "markedly liberal in admitting evidence of similar sex offenses by a defendant for the purposes now enumerated in rule 404(b)." *State v. Cotton*, 318 N.C. 663, 666, 351 S.E.2d 277, 279 (1987). Indeed, such evidence is relevant and admissible so long as the incidents are sufficiently similar and not too remote. *Bagley*, 321 at 207, 362 S.E.2d at 247-48.

In the case *sub judice*, Blackwell contends that the aforementioned prior acts were inadmissible because they were neither sufficiently similar nor temporally proximate. We disagree.

A prior act or crime is sufficiently similar if there are some unusual facts present indicating that the same person committed both the earlier offense and the present one. *See State v. Sneeden*, 108 N.C. App. 506, 509, 424 S.E.2d 449, 451 (1993), *aff'd*, 336 N.C. 482, 444 S.E.2d 218 (1994). The similarities, however, need not be "unique and bizarre," but rather must simply tend to support a reasonable inference that the same person committed both the earlier and later acts. *Id.; see also State v. Stager*, 329 N.C. 278, 304, 406 S.E.2d 876, 891 (1991).

In offering the testimony of the two female witnesses, the State contended that this testimony was necessary to show identity, modus operandi, intent, opportunity, and knowledge. Specifically, the State argued that the prior crimes demonstrated Blackwell's "oral fixation" and consistent choice of young females as his victims. The State explicitly denied that their testimony was offered to show Blackwell's actions were part of a common scheme or plan.

Although we find the relationship between Blackwell's prior acts and the case *sub judice* somewhat tenuous, we cannot say that the trial court committed reversible error in admitting them. There is ample precedent to support this conclusion. For example, our Supreme Court in *Bagley* held that licking and performing cunnilingus upon victims is unique enough to constitute a modus operandi and therefore admissible under rule 404(b). Similarly, in *State v. Carter*, 338 N.C. 569, 589, 451 S.E.2d 157, 167 (1994), *cert. denied*, 515 U.S. 1107, 132 L. Ed. 2d 263 (1995), the "unusual" facts demonstrating

that the same person committed both crimes were that the victims in each were hit with a brick above the right eye. Moreover, our Supreme Court has stated that "where the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the crime charged and another offense were committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged." *State v. McClain*, 240 N.C. 171, 175, 81 S.E.2d 364, 367 (1954).

In the instant case, Blackwell's prior acts tend to demonstrate that he was the minor victim's assailant by showing a similar modus operandi. Specifically, on all three occasions Blackwell licked his lips, called his victims expletive terms, and attempted to perform cunnilingus upon them. Accordingly, they were sufficiently similar to meet the first requirement of rule 404(b).

Addressing Blackwell's remoteness argument, remoteness in time is less significant when evidence of the prior-sex offense is offered to show modus operandi as opposed to a common plan or scheme. *See State v. Riddick*, 316 N.C. 127, 134, 340 S.E.2d 422, 427 (1986). Further, "remoteness in time generally affects only the weight to be given such evidence, not its admissibility." *Stager*, at 307, 406 S.E.2d at 893. Indeed, prior cases have held that intervals of seven and ten years are not necessarily too remote to preclude the admission of prior-bad acts. *See State v. Penland*, 343 N.C. 634, 644, 472 S.E.2d 734, 745 (1996), *cert. denied, Penland v. North Carolina*, —— U.S. ——, 136 L. Ed. 2d 725 (1997); *State v. Shamsid-Deen*, 324 N.C. 437, 379 S.E.2d 842 (1989).

In the case *sub judice*, Blackwell's prior acts occurred seven and ten years before the incident at issue here. Blackwell, however, spent some of that time in prison. Excluding that time, there was a six year interval between these prior acts and the conduct relating to the crime charged in the instant case. We cannot say that these prior acts are too remote to consider them irrelevant and therefore inadmissible. Accordingly, we reject this assignment of error.

[2] Blackwell next contends that the trial court erred in not granting his motion to dismiss at the close of all the evidence. When considering a defendant's motion for dismissal, the trial court must determine only whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser-included offense included therein, and (2) of defendant's being the perpetrator of such

offense. *See State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). Substantial evidence is evidence such that a reasonable mind might accept as adequate to support a conclusion. *See State v. Moseley*, 338 N.C. 1, 47, 449 S.E.2d 412, 440 (1994), *cert. denied*, 514 U.S. 1091, 131 L. Ed. 2d 738 (1995). Accordingly, if the evidence only raises a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed. *See Powell*, 299 N.C. at 98, 261 S.E.2d at 117. Further the evidence is to be considered in the light most favorable to the State and it is entitled to every reasonable intendment and inference drawn therefrom. *See State v. Thomas*, 296 N.C. 236, 250 S.E.2d 204 (1978).

In the instant case, Blackwell contends that the State failed to present substantial evidence that he was the perpetrator of the offense. We disagree.

At trial, the State presented the minor's testimony showing that she recognized Blackwell's voice and correctly described his hair, beard, and build. Moreover, the State presented the testimony of the minor's neighbor who observed Blackwell running from the direction of the minor's home at approximately the same time the attack ended. This evidence, standing alone, constituted substantial evidence that Blackwell was the perpetrator of the offense, and therefore the trial court properly denied Blackwell's motion to dismiss.

[3] Lastly, Blackwell contends that he was denied his constitutional right to effective assistance of counsel. To prevail upon a claim of ineffective counsel, a defendant must show: (1) that the representation was ineffective; and (2) that the error of the attorney was so serious as to deprive the defendant of a fair hearing. *See State v. Thomas*, 329 N.C. 423, 439, 407 S.E.2d 141, 151 (1991), *cert. denied*, —— U.S. ——, 139 L. Ed. 2d 41 (1997).

In making this argument, Blackwell states that he was denied effective counsel because one of his attorneys had only practiced for a few months and his other attorney—who subsequently was suspended from practice for other disciplinary reasons—walked out of court without reason. Moreover, Blackwell contends that his attorney failed to file proper motions in limine or subpoenas and failed to properly investigate the prior crimes when given notice.

First, we note that the disciplinary proceedings against one of Blackwell's attorneys was of no consequence to our determination on

this issue. As stated by the United States Supreme Court, "[o]nly rarely will such surrounding circumstances justify a presumption of ineffectiveness independent of counsel's actual trial performance." *United States v. Cronic*, 466 U.S. 684, 80 L. Ed. 2d 657 (1984). Moreover, the fact that Blackwell's other attorney was inexperienced is also of no consequence. Our Supreme Court has stated that "[m]ere inexperience is not sufficient in itself to render the assistance of counsel ineffective, . . . . the issue is not how much experience he has had, but how well he acted." *State v. Poole*, 305 N.C. 308, 312, 289 S.E.2d 335, 338 (1982).

With respect to the attorney's actual performance, we find that it did not fall below an objective standard of reasonableness and therefore was constitutionally sound. Although it may have been prudent to have filed motions in limine, Blackwell's attorney nonetheless made the appropriate arguments in court. Moreover, a reading of the transcript demonstrates the he vigorously and competently examined all the witnesses. We therefore find that his conduct was reasonable and reject Blackwell's final assignment of error.

No prejudicial error.

Judges WALKER and HUNTER concur.