CALABRIA, Judge.
Defendant Henry Brooks Grantham appeals from judgments entered consistent with jury verdicts finding him guilty of driving while impaired (DWI) and driving while license revoked. This matter was initially tried in district court on 25 February 2003, where defendant was found guilty on all charges. Defendant appealed to the superior court for a trial de novo.
Prior to trial, defendant moved to exclude evidence that marijuana and drug paraphernalia were seized from defendant's person and his vehicle after his arrest for driving while impaired. Defendant argued that because he was never charged with any drug or paraphernalia violations, the evidence with respect to themarijuana or paraphernalia would be irrelevant and mislead the jury. The trial court denied the motion as to the State being prohibited from soliciting evidence of what was seized, but allowed the motion "to the extent that . . . the jury not be informed that the defendant was charged with or arrested for possessing marijuana and/or drug paraphernalia."
The State's evidence tended to show that at approximately 3:00 a.m. on 5 April 2002, Officer T.D. Moore of the Greensboro Police Department was driving his patrol vehicle near the intersection of Walker and South Elam. Officer Moore observed defendant's vehicle collide with a curb line and almost come in contact with his patrol vehicle. Defendant's vehicle and the patrol vehicle were parallel to each other facing in opposite directions. With their respective driver's side windows rolled down, Officer Moore noticed that defendant's eyes appeared red and glassy and that he had a strong odor of alcohol. Officer Moore asked defendant to exit his vehicle.
Defendant admitted to drinking two beers and was unable to produce his driver's license and registration. After observing defendant perform some field sobriety tests, Officer Moore formed the opinion that defendant had consumed a sufficient amount of an impairing substance to appreciably impair his physical and/or mental faculties. Officer Moore arrested defendant and placed him in the back of his patrol vehicle. Pursuant to a search, Officer Moore found a plastic bag containing marijuana in defendant's leftsleeve zipper pocket and pipes, postal scales and rolling papers in defendant's vehicle.
Officer Moore transported defendant to the Greensboro Police Department Intoxilyzer room. Deputy Sheriff Barry Glossen of the Guilford County Sheriff's Department read defendant his Intoxilyzer rights and then offered defendant the Intoxilyzer test, which defendant refused. Based upon his observations and interactions with defendant, Deputy Glossen formed the opinion that defendant was appreciably impaired.
A jury found defendant guilty of driving while impaired and driving while license revoked. The trial court sentenced defendant to 24 months in the North Carolina Department of Correction for the impaired driving conviction. The trial court suspended defendant's 120 days' imprisonment for the driving while license revoked conviction and placed him on supervised probation for 36 months to run at the expiration of the active sentence.
Defendant contends that the trial court erred when it overruled defendant's objection to the prosecutor's redirect examination of Officer Moore regarding defendant's failure to appear on a 2001 DWI. Defendant claims the improper evidence entitled him to a mistrial. At trial, Officer Moore testified that he seized marijuana and drug paraphernalia from defendant and defendant's vehicle. On cross-examination, the following exchange occurred:
Q. Now, would it be fair to say, Officer Moore, that - marijuana is illegal; isn't that correct?
A. Yes, sir.
Q. And these other apparatuses that you seized could be considered illegal; isn't that correct?
A. Yes, sir.
Q. Okay. Now - but you never charged Mr. Grantham with possession of marijuana, did you?
A. Yes, sir. I did.
Q. Okay. Well, did you ever issue him a warrant or citation for it?
A. I typed up a magistrate's order, from the best of my recollection, and by indicating - or by the indication on my arrest sheet, which I have right here. I have an arrest sheet showing that I charged him with both misdemeanor possession of marijuana in 90-95 and misdemeanor possession of drug paraphernalia, 90-95.
During redirect examination, the following colloquy occurred:
Q. How do you know that without any doubt [you charged defendant with the drug offenses].
A. Because I have an arrest sheet showing [the] two charges[.] . . .
I completed three arrest sheets: One for - stand by one second.
I completed one arrest sheet for the charges of DWI, driving while license revoked, no insurance, and borrowed tag.
[DEFENSE ATTORNEY]: Objection. Move to strike.
THE COURT: Objection overruled. Counsel has opened the door.
Go ahead, please.
THE WITNESS: That's one arrest sheet. All four of those charges, based on my arrestsheet, were charged on a citation - a written citation.
The second arrest sheet exclusively charges an order for arrest on DWI. That means that there was a legal paper commanding me to arrest this gentleman for failure to appear on DWI.
And then there was a third arrest sheet done for misdemeanor possession of marijuana and misdemeanor possession of drug paraphernalia.
. . .
Q. Now going back to the arrest sheets. That second arrest sheet, is that the same case that you're talking about today?
A. No ma'am. That's a separate sheet. I mean a separate case number. So it's a 2001 case.
Q. Okay. So you have nothing to do with that charge of driving while impaired?
[DEFENSE ATTORNEY]: Objection. Move to strike.
THE COURT: Objection overruled.
Defendant then moved for a mistrial and the trial court denied the motion. Defendant argues that the State should not have been permitted to examine Officer Moore about the failure to appear charge because it was irrelevant and inadmissible under N.C. Gen. Stat. § 8C-1, Rule 404(b) in that it showed defendant's propensity to commit DWI offenses. We disagree.
Under Rule 404(b), evidence of other crimes, wrongs or acts is not admissible to show that a person has a propensity to commit a wrong or act. See N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003). Notwithstanding this rule, the law recognizes the principle thatwhen a party introduces evidence as to a particular fact or transaction, the opposing party is entitled to introduce evidence in explanation or rebuttal even though the evidence would have been incompetent or inadmissible if it had been offered initially by the opposing party. State v. Albert, 303 N.C. 173, 177, 277 S.E.2d 439, 441 (1981). This rule is commonly referred to as "opening the door." State v. Brown, 310 N.C. 563, 571, 313 S.E.2d 585, 590 (1984). Here, the transcript shows that defendant opened the door for redirect examination regarding defendant's 2001 DWI. On cross-examination, defendant questioned Officer Moore about whether or not he charged defendant with drug offenses. To answer the question, Officer Moore referred to his arrest sheets. We believe that, with this testimony, defendant opened the door to questions about the information on Officer Moore's arrest sheets, which included reference to defendant's failure to appear on the 2001 DWI. While we make no judgment as to whether this testimony would have been otherwise inadmissible, it is clear to this Court that defendant opened the door to this testimony.
Moreover, defendant has failed to demonstrate that he was prejudiced by the admission of the charge. Defendant has not shown that the outcome of the trial likely would have been different had evidence of the failure to appear charge on a 2001 DWI charge been excluded. Any error in the admission of the evidence was harmless in light of the overwhelming evidence of defendant's guilt. As such, the trial court did not abuse its discretion in denying defendant's motion for a mistrial. See State v. Mills, 39 N.C.App. 47, 50, 249 S.E.2d 446, 447 (1978), cert. denied, 296 N.C. 588, 254 S.E.2d 33 (1979) (If no prejudicial effect is shown, the denial of a mistrial motion is appropriate.) This assignment of error is without merit.
We have carefully considered defendant's remaining arguments and find them to be without merit.
No error.
Judges TIMMONS-GOODSON and LEVINSON concur.
Report per Rule 30(e).