STATE OF NORTH CAROLINA
v.
DEWITT WALLACE HENGSTENBERG.
No. COA06-1661
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Melissa L. Trippe, for the State.
Belser & Parke, P.A., by David G. Belser, for defendant-appellant.
WYNN, Judge.
A prior act or crime is sufficiently similar if there are some unusual facts present indicating that the same person committed both the earlier offense and the present one.[1] Here, Defendant Dewitt Wallace Hengstenberg argues that the prior conviction and prior bad act were not sufficiently similar to the crime being charged because there were stark differences among the prior acts. Because the prior conviction and bad act were sufficiently related to the crime being charged, we hold the trial court did not abuse its discretion by admitting the conviction and bad act into evidence.
At trial, the State presented evidence that tended to show that on the afternoon of 11 May 2005, the complaining victim was at her home when she noticed a black truck parked in her yard. At approximately 1:30 p.m., she went to her bedroom, when suddenly a man appeared wearing nothing but a black stocking over his head. The intruder began to hit and choke her to the point that she had trouble breathing. She managed to remove the intruder's black stocking and was able to get a good look at him. The intruder was later identified as Defendant.
During the assault, Defendant removed the complaining victim's pants and underwear, made several attempts to sexually penetrate her vagina but was able to do so only slightly, sexually penetrated her anally, fondled and sucked her breast, and left through the back door. The complaining victim followed him and saw him get into the black truck that she had earlier noticed in her yard. As a result of the incident, the complaining victim had two black eyes, a cut on her lip, and bruises on her neck.
Before trial, Defendant made two motions in limine requesting the suppression of Defendant's prior conviction and bad act. However, the trial court denied Defendant's motions.
Following trial, the jury found Defendant guilty of first-degree rape, first-degree sexual offense, and felonious breaking and entering, with an aggravating factor as to all three convictions because of the victim's elderly age. Defendant was sentenced to four hundred twenty to five hundred thirteen months' imprisonment for first-degree rape, four hundred twenty to five hundred thirteen months' imprisonment for first-degree sexual offense, and twelve to fifteen months' imprisonment for breaking and entering, all to be served consecutively.
Defendant now appeals, arguing that the trial court erred by admitting evidence of two other incidents under Rule 404(b) of the North Carolina Rules of Evidence because the prior act and conviction were not similar. We disagree.
Under Rule 404(b):
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment, or accident . . . .
N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005). Thus, Rule 404(b) allows admission of conduct evidence so long as it is offered for a purpose other than to show that the defendant had the propensity to engage in the charged conduct. State v. Morgan, 315 N.C. 626, 637, 340 S.E.2d 84, 91 (1986). Moreover, if specific acts are relevant and competent as evidence of something other than character, they are not inadmissible because they incidentally reflect upon character. State v. Penley, 6 N.C. App. 455, 466, 170 S.E.2d 632, 639 (1969).
When the evidence is offered for a proper purpose, the ultimate test of admissibility is whether the incidents are sufficiently similar to those in the case at bar and not so remote in time as to be more prejudicial than probative under the Rule 403 test. State v. Cotton, 318 N.C. 663, 665, 351 S.E.2d 277, 279 (1987). A prior act or crime is sufficiently similar if there are some unusual facts present indicating that the same person committed both the earlier offense and the present one.State v. Sneeden, 108 N.C. App. 506, 509, 424 S.E.2d 449, 451 (1993), aff'd, 336 N.C. 482, 444 S.E.2d 218 (1994). The similarities between the acts do not have to be unique or bizarre; rather, they must tend to support a reasonable inference that the same person committed both acts.State v. Stager, 329 N.C. 278, 304, 406 S.E.2d 876, 891 (1991). Furthermore, "[w]ith respect to prior sexual offenses, we have been very liberal in permitting the State to present such evidence to prove any relevant fact not prohibited by Rule 404(b)." State v. White, 331 N.C. 604, 612, 419 S.E.2d 557, 561 (1992).
The determination of whether to exclude evidence on these grounds is left to the sound discretion of the trial court, and a trial court "may be reversed for abuse of discretion only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision. " State v. Anderson, 350 N.C. 152, 175, 513 S.E.2d 296, 310 (internal quotations and citation omitted), cert. denied, 528 U.S. 973, 145 L. Ed. 2d 326 (1999) .
Here, the State offered Defendant's prior conviction and bad act to show intent, common scheme or plan, identity, motive, modus operandi, knowledge, and absence of mistake or accident. After the voir dire of the witnesses, the trial court made the following findings of fact regarding Defendant's prior conviction:
[I]n the early-morning hours a young lady, single lady by the name of Laura Marisco, had just put out her laundry to dry. She went back in the house, looked outside and saw a man who was nude standing in close proximity to her window; that she called the police on one phone in Madison County and on another phone called a neighbor . . . to assist her. [The neighbor] saw a man, nude, standing behind an oil tank looking in the direction of [Ms. Marisco's] window; [he] hollered at him; [and] shot a gun in the air . . . . During the course of the morning [the neighbor] saw the man again and in close proximity to that area where he was going in the vicinity of another home where a . . . woman lived alone, and he was still nude except for his shoes. The defendant did not have a stocking on his face, and used no method to hide his identity . . . . The defendant was also tied to as being the one who drove a black Toyota pick-up truck, and . . . the truck had been seen in the vicinity of Miss Marisco's house back in September by [her neighbor], and he saw it parked on the day of the 7th of October 2003 in close proximity.
The trial court then concluded:
[T]he defendant was nude except for his shoes; that he was in very close proximity to a house occupied by a woman living alone; that he fled upon being encountered and continued to flee all morning until he was finally detained; that his means of transportation was that of a black Toyota pick-up truck . . . .
The trial court considered the circumstances and "weigh[ed] the evidentiary value of the evidence compared to that of any prejudicial effects that it may have upon the defendant, and . . . consider[ed] that certain similarities exist between the events complained of in these cases before the Court and those events that occurred in October 2003." Thereafter, the trial court "overrule[d], in its discretion, the objection of the defendant and. . . permit[ted] the witnesses to testify to the events that the Court has found consistent, and those things only, for the limited purposes for which it's being offered and will so instruct the jury."
Next, the trial court made the following findings of fact concerning prior bad acts, i.e., the 15 April 2005 incident:
Miss Mary Allen, a lady in her eighties, living alone in the Candler section within three miles of the place where the prosecuting witness . . . lives; that Miss Allen encountered a man who was, in this case clothed, with shorts on and a short-sleeved shirt, but after a close look revealed that he had a black stocking over his face; that he began to close the distance between where Miss Allen was positioned weed eating around her mail box and where this individual was on the road; that she sensed that she needed to get to her house, and she left her weed eater on as defense mechanism; that he began to follow her, and before he could close the distance any further, Mr. Trull arrived on the scene who was a neighbor to Miss Allen, and he . . . observed what was going on and positioned himself between that of the individual with the stocking on his face and Miss Allen. Up until this time, nothwithstanding what Miss Allen saw or didn't see with regard to what this man was touching on his own body . . . . [T]hat Mr. Trull pursued or essentially followed [Defendant] to a point where he saw a black Toyota pick-up truck parked some distance away and saw the defendant go to the truck . . . .
The trial court found that the probative value of the circumstances outlined above "outweigh any prejudice against the defendant" and admitted the evidence "pursuant to 404(b) to show . . . for the jury to find if they see fit to believe it proves motive, intent, plan, or identity with regard to the matters that he's charged with here."
Defendant does not dispute the findings of fact or conclusion of law as to what transpired regarding the prior conviction and bad act. Instead, he contends that "there are more differences than similarities between [these acts] and the alleged crime." Defendant notes that the prior bad act "occurred outside, at the end of a driveway far from the house rather than a dwelling, and there was no unauthorized entry into the house" and "[t]he man was clothed rather than naked." Furthermore, "there was no physical contact of any kind, and especially no force, violence, or sexual contact."
Defendant also indicates that there are stark differences between the prior conviction and the alleged crime in that the primary witness in the prior conviction was a younger woman, "she was in her house when she observed a man peering through a window of her house," "the man was naked except for tennis shoes," "he was not wearing a black stocking over his head," and "he did not enter or attempt to enter the house and fled when he was encountered."
Although Defendant contends that there is "no substantial similarity" or "concurrence of common features," this conclusion is tangential in the face of overwhelming evidence that the prior conviction, prior bad act, and instant crime all involved a black pick-up truck, which was linked to Defendant. Additionally, in the commission of the prior acts, Defendant was partially or completely nude and inside or in close proximity to the women's dwellings. Furthermore, the prior bad act and the instant crime involved elderly women who lived alone, and Defendant a wore black stocking over his face in each incident.
Our Supreme Court has held that the similarities between the acts do not have to be unique or bizarre; rather, they must tend to support a reasonable inference that the same person committed both acts.Stager, 329 N.C. at 304, 406 S.E.2d at 891. In light of the facts discussed above regarding the prior incidents, we cannot discern that the trial court abused its discretion by admitting the prior conviction and bad act pursuant to Rule 404(b) of the North Carolina Rules of Evidence.
Furthermore, we uphold the trial court's determination that the probative value of the evidence substantially outweighs the danger of unfair prejudice. N.C. Gen. Stat. § 8C-1, Rule 403. This determination is within the sound discretion of the trial court, whose ruling will be reversed on appeal only when it is shown that the ruling was so arbitrary that it could not have resulted from a reasoned decision. State v. Everhardt, 96 N.C. App. 1, 18, 384 S.E.2d 562, 572 (1989), aff'd, 326 N.C. 777, 392 S.E.2d 391 (1990). Of course, "[e]vidence which is probative of the State's case necessarily will have a prejudicial effect upon the defendant; the question is one of degree." State v. Coffey, 326 N.C. 268, 281, 389 S.E.2d 48, 56 (1990). Notably, the trial court offered an instruction which limited the ability of the jury to use the prior conviction and bad act for an improper basis. See State v. Penland, 343 N.C. 634, 654, 472 S.E.2d 734, 745 (1996) (holding "[i]n light of the limiting instruction, the probative value of [the prior bad act evidence] was not substantially outweighed by its prejudicial impact."), cert. denied, 519 U.S. 1098, 136 L. Ed.2d 725 (1997).
In sum, we find no abuse of discretion by the trial court in admitting the prior conviction and bad act evidence pursuant to Rule 404(b) of the North Carolina Rules of Evidence.
No error.
Judges HUNTER and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] State v. Sneeden, 108 N.C. App. 506, 509, 424 S.E.2d 449, 451 (1993), aff'd, 336 N.C. 482, 444 S.E.2d 218 (1994).